JACKSON *v.* THE STATE.

No. 9666. June 19, 1933.

*Perry & Perry*, for plaintiff in error.

*M. J. Yeomans, attorney-general, R. S. Foy* and *W. C. Forehand, solicitors-general, J. T. Goree* and *B. D. Murphy, assistant attorneys-general*, contra.

GILBERT, J.   Rochelle Jackson was convicted of murder, and received the death penalty.   His motion for new trial, consisting of the general grounds and two grounds of amendment, was overruled, and he excepted.   The State proved the corpus delicti.´  Evidence of a confession made by the defendant to the witness Sumner was admitted without objection.

The first special ground of the motion presents the contention that the penalty of death should not have been inflicted, for the reason that the same is "contrary to law and the principles of justice," the verdict having been "based on his confession, though corroborated by facts and circumstances."

The second ground is as follows: "When both sides closed, the court made·the following announcement and ruling: 'Gentlemen of the jury, the witness D. S. Hudson, put upon the stand by the State, testified as to a certain alleged confession made to him by the prisoner.   The court being of the opinion that such confession made under the conditions as described and outlined by the State's witness, being of doubtful admissibility, now withdraws that alleged confession from your consideration.   You will not consider it as being in the case, that is, the alleged confession testified about by the witness D. S. Hudson.   I have no reference to the con-

fession testified about by the sheriff.' Movant contends that the court erred in the statement 'I have no reference to the confession testified about by the sheriff,' because movant contends that the same was an expression of an opinion that the defendant had confessed to murdering his sister with others. and movant further contends that it was prejudicial to the defendant and to his defense. That said statement placed undue stress upon the testimony of the sheriff in his testimony as to the confession of the defendant, and movant contends that said statement was an intimation of an opinion of the court that the testimony of the sheriff as to the confession, without the testimony of D. S. Hudson, was sufficient to authorize, if not demand, a verdict of guilty in the case." The Penal Code (1910), § 1058, declares: "It is error for the judge of the superior court, in any case, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and a violation of the provisions of this section shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted, with such directions as the Supreme Court may lawfully give." From that section it is clear that what the statute condemns is an expression or intimation by the court of any opinion as to what has or has not been *proved* or as to the *guilt* of the accused. *Peek* v. *State,* 155 *Ga.* 49 (116 S. E. 629). The court did not express any opinion as to the guilt of the accused, in the language used. The court, in voluntarily withdrawing the testimony of the witness Hudson "as to a certain alleged confession made to him by the prisoner," also explained that the court had no reference "to the confession testified *about* by the sheriff." The court did not express or intimate an opinion that any confession had been *proved,* nor did the court state any fact that the sheriff had stated. Chief Justice Simmons in *Oliveros* v. *State,* 120 *Ga.* 237, 242 (47 S. E. 627, 1 Ann. Cas. 114), said: "Technically there is a difference between evidence and proof. Evidence tends to establish or disprove an alleged matter of fact in issue. Proof is the effect of evidence, while evidence is merely the means of making proof. A fact is not proved unless it is established." In this case the judge made no reference to what had been proved or established. For a discussion of the general topic, with collection of authorities, see *Reed* v. *State,* 163 *Ga.* 206, 216 (135 S. E. 748).

There is an additional reason why the judgment refusing a new trial should be affirmed. There is no conflict on the fact that the prisoner did confess the crime. On the trial no evidence was introduced for the accused. He made a statement to the jury in the following words: "Gentlemen of the jury, I have not got but one life, and I ask you all to save it, so I can be able to see my little children." That is all that he said to the court and jury on the trial. It constituted merely a plea for mercy. Moreover, counsel for the accused, neither in their brief nor in the grounds of the motion complaining of the language of the judge, insisting that it was an expression of opinion, deny the fact that the accused did make the confession to the sheriff. The evidence abundantly justifies the verdict, and there is no ground for reversal of the judgment. The language here complained of was obviously used before the judge began to deliver his charge to the jury. After withdrawing the evidence of Hudson, the only remaining evidence having reference to a confession was that of the sheriff; so that in charging the jury on the subject of confessions the judge necessarily was addressing himself directly to that evidence of the sheriff. The charge contained a full and fair instruction on the subject of confessions. It distinctly informed the jury that even though the testimony was admitted, "it is then to be passed upon finally by the jury, and the jury could determine whether or not the confession was voluntarily made," etc. Also, whether in fact any confession had been made, in the following language: "If a confession has been established in the manner contemplated by the law, in the opinion of the jury, you will of course give it such weight and credit as you see fit to give it." In another part of the charge the court cautioned the jury that in instructing them on the law of the case he did not express or intimate any opinion as to what had been proved or what had not been proved by the evidence in the case.

*Judgment affirmed. All the Justices concur.*