S97G1110. THE STATE v. DAVID et al.
(501 SE2d 494)

BENHAM, Chief Justice.

Appellees were occupants of an apartment in Statesboro, Georgia, in which was found marijuana, cocaine in "crack" and powder form, LSD-coated paper, and assorted drug paraphernalia. Appellees

---

were charged with possession of the contraband and trafficking in cocaine, and the trial court granted their motions to suppress the drugs and drug paraphernalia found in the apartment, using *Carranza v. State*, 266 Ga. 263 (467 SE2d 315) (1996) as a guide. The trial court ordered suppression of the items after finding that a police officer initially had seen marijuana and drug paraphernalia "upon entering the apartment" without a warrant and without consent or the existence of exigent circumstances. The Court of Appeals affirmed the trial court's ruling, but not its entire rationale. The appellate court determined that the officer had seen marijuana and drug paraphernalia in plain view from a public landing outside the apartment, but had had neither the necessary consent nor exigent circumstances to enter the apartment and seize the contraband. *State v. David*, 225 Ga. App. 541 (484 SE2d 278) (1997). The Court of Appeals found *Carranza* to be inapplicable to the case at bar on the ground that *Carranza* involved electronic surveillance and the use of an informant. We granted the State's petition for a writ of certiorari to review the lower courts' interpretation and application of the "plain view" doctrine and the law regarding warrantless search and seizure enunciated in *Carranza*.

1. The following facts were developed from undisputed testimony given at the hearing on the motion to suppress: at the request of a landlord, a police officer was dispatched by the Statesboro Police Department to accompany the landlord to a leased one-bedroom apartment which the landlord believed was occupied by unauthorized persons. The landlord knocked on the apartment door and it was opened by an occupant who, according to the landlord, invited the visitors to enter. Through the open door, the officer saw what he knew to be a marijuana pipe on the table and saw an occupant of the apartment pick it up and try to conceal it. When the door's aperture widened as the landlord entered the apartment, the officer also saw what he believed to be a bag of marijuana sitting on the table. The officer entered the apartment, had the four occupants of the apartment sit in the living room and, based on the presence of four suspects and what he believed to be contraband, radioed for additional police assistance. The occupants were told they were under arrest for possession of marijuana. The officer's shift commander arrived and, at some point, leaned against a "rickety" entertainment center, causing a partially-open cabinet door to swing open. A third officer saw what he believed to be cocaine in the cabinet, reached in, and retrieved what was later established to be cocaine in powder and "crack" form. "LSD papers" were found atop the entertainment center. While the police were there, the lessee of the apartment called and telephonically refused to consent to a search of the premises. The occupants of the apartment were taken to police headquarters and a

search warrant for the apartment was obtained, the execution of which uncovered a large quantity of cocaine and drug paraphernalia.

The critical issue in this case is the location of the officer when he first saw what he suspected was contraband. As stated earlier, the trial court found that the officer first saw marijuana and the pipe used to smoke marijuana "upon entering the apartment." In reviewing a trial court's decision on a motion to suppress, an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing. *Tate v. State*, 264 Ga. 53 (1) (440 SE2d 646) (1994); *Pless v. State*, 218 Ga. App. 603 (1) (462 SE2d 472) (1995). While it is clear that none of the testimony given at the suppression hearing supports the trial court's factual determination, appellees point out that evidence admitted at the hearing, the affidavit executed in support of the search warrant, supports the trial court's finding. The affiant, who was not the officer who accompanied the landlord and who did not testify at the suppression hearing, swore in the affidavit that the officer who was with the landlord saw the marijuana pipe and the marijuana upon the officer's entry into the apartment. The officer's affidavit was hearsay since its value rested mainly on the veracity and competency of one other than the affiant (OCGA § 24-3-1) and, as such, had no probative value. *White Missionary Baptist Church v. First Baptist Church of White*, 268 Ga. 668 (1) (492 SE2d 661) (1997); *Livingston v. State*, 268 Ga. 205 (1) (486 SE2d 845) (1997). Since the affidavit cannot be used to support the trial court's finding of fact, the finding is without any evidentiary support and is clearly erroneous in light of the uncontradicted testimony that the officer saw the contraband before entering the apartment, from a vantage point outside the apartment.

2. The officer's observation of the contraband from outside the apartment and his recognition of it as contraband, standing alone, did not authorize the officer to make a warrantless entry into the apartment to arrest the occupants and seize the material. While the officer's *observation* of the objects within the home from a vantage point without the home was a lawful "nonsearch plain view situation," it does not follow that the "in-home" seizure of the observed objects or the arrest of these who possess the observed objects is lawful, for the plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer only if the officer's *access* to the object itself has some prior Fourth Amendment justification. *Horton v. California*, 496 U. S. 128, 137, n. 7 (110 SC 2301, 110 LE2d 112) (1990); *Illinois v. Andreas*, 463 U. S. 765, 771 (103 SC 3319, 77 LE2d 1003) (1983). See also 1 LaFave, Search & Seizure 399, § 2.2 (a) (3rd ed. 1996). The officer gains access justified by the Fourth Amendment by obtaining a warrant, obtaining consent, or by the existence

of exigent circumstances which require the officer to act immediately without warrant or consent. We held in *Carranza v. State*, supra, 266 Ga. at 268, that an officer is authorized to make a warrantless arrest of an individual in a private residence when the individual committed an offense in the home in the presence of or within the immediate knowledge of the officer only where the officer's entry into the home is by consent or where there are exigent circumstances. See also *Gates v. State*, 229 Ga. App. 766 (a) (495 SE2d 113) (1997); *Merriman v. State*, 201 Ga. App. 817, 819 (412 SE2d 598) (1991). In the case at bar, it is clear that the officer's warrantless intrusion into the apartment was justified by classic exigent circumstances: the likelihood that the contraband was in danger of immediate destruction, as it was undisputed that the officer saw one of the apartment's occupants attempt to conceal the contraband upon seeing the officer at the open door. See *Merriman v. State*, supra, 201 Ga. App. at 819. Compare *Carranza v. State*, supra, and *Gates v. State*, supra, 229 Ga App. at 768. Thus, the officer's warrantless intrusion into the home was authorized and the trial court and Court of Appeals erred in ruling otherwise.

3. Because both the trial court and the Court of Appeals resolved the suppression issue by determining that the officer's initial entry into the apartment was illegal, neither court addressed the discovery of the cocaine and LSD-coated papers in and on top of the entertainment center in the apartment. The undisputed testimony at the suppression hearing was that this contraband's discovery fits within the "plain view doctrine" described in *Coolidge v. New Hampshire*, 403 U. S. 443, 464 (91 SC 2022, 29 LE2d 564) (1971), as it was readily observable by officers who saw it in the course of an otherwise justifiable intrusion into the constitutionally-protected area, and it was readily apparent to the officers that the objects were contraband. Accordingly, the trial court, had it reached the issue, could only have concluded that the cocaine and LSD papers were not subject to suppression.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 15, 1998.

*R. J. Martin III, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellant.

*Gary L. Mikell, Solicitor, Jack B. Williamson, Jr., F. Gates Peed, John R. Turner,* for appellees.