A99A0250. THE STATE v. GILLETTE.
(512 SE2d 399)

ELDRIDGE, Judge.

Robert John Gillette was arrested and charged with driving under the influence, less safe driver; driving under the influence, unlawful blood alcohol concentration; and failure to maintain a lane. He filed a motion to suppress, claiming, inter alia, that he was denied an additional chemical test of his choice pursuant to the rights contained in the implied consent notice read to him at the time of arrest. See OCGA § 40-5-67.1 (b) (2). The State Court of Gwinnett County granted Gillette's motion. The State appeals.

At the evidentiary hearing on the motion to suppress, the arresting officer was the only witness to testify as to Gillette's request for

an additional chemical test. The officer testified that, following the reading of the implied consent notice, Gillette requested an independent chemical test of his *blood*. "And I told him, if you submit to the State-administered chemical test of your breath, then we'll give him the option to go get a blood test done." Gillette consented to the State-administered breath test. The officer testified that, following the administration of the breath test, "I asked him if he wanted a blood test, and he declined and said he had rather have another breath test, operated by myself." The officer complied with Gillette's request.

On cross-examination as to this point, defense counsel asked the following questions and elicited the following responses: "[Q:] Did you ask him if he wanted a breath test on the same machine that you were using? [A:] I believe I did. I'm not positive. [Q:] You don't remember him saying that he wanted to go to a hospital for a breath test? [A:] He might have said that, but they don't administer breath tests, as far as I know, at hospitals. [Q:] You remember Mr. Gillette saying . . . that he wanted to go to the hospital for a breath test; is that right? [A:] I don't recall. He could have said that. [Q:] You just testified a minute ago that, yes, that's what he said, but hospitals don't administer breath tests. . . . [I]sn't it true that [after the State test,] Mr. Gillette said he wanted to go to the hospital for a breath test? [A:] I don't recall that. [Q:] Isn't it true that when you heard that he wanted to go to the hospital for a breath test that you and some other officer then told Mr. Gillette that hospitals don't do breath test? [A:] I don't believe — I don't know. [Q:] But you testified about three minutes ago that you told Mr. Gillette that hospitals don't do breath tests. And now you're saying that you don't recall whether or not you said that? [A:] I don't know whether I said that or not. It sounds like that's correct, but I don't have it in my report."

The above-referenced testimony is the *only* evidence as to the defense's contention that Gillette requested a hospital-conducted, independent breath test and was denied such independent test. Gillette, himself, did not testify at the hearing and thus did not testify that he asked to be given a breath test at the hospital, which request was refused.

The trial court found as a matter of fact that "the defendant informed the police officer that he wanted to be taken to the hospital in order to exercise his right to an independent test of his breath. The police officer did not transport the defendant to a hospital to allow the defendant to request a blood or other type of independent test. Instead, the police officer advised the defendant that the hospital does not administer breath tests and offered to administer an additional breath test to the defendant. At this point, the defendant capitulated and submitted to yet another state administered breath test." On this factual basis, the trial court granted Gillette's motion

to suppress. *Held*:

"When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment." (Citation and punctuation omitted.) *Kittler v. State*, 234 Ga. App. 120, 122 (506 SE2d 231) (1998).

Here, it is undisputed that the officer properly advised Gillette of his rights under the implied consent notice, OCGA § 40-5-67.1 (b) (2). The only issue is whether Gillette affirmatively requested a hospital-conducted, independent breath test. Based on the officer's testimony, the trial court found that he did. Accordingly, the sole question before this Court is whether the arresting officer's testimony, "He might have said that, I don't recall; He could have said that; I don't recall that; I don't believe — I don't know; and I don't know whether I said that or not. It sounds like that's correct, but I don't have it in my report," is sufficient evidence in and of itself to establish the trial court's factual finding that "the defendant informed the police officer that he wanted to be taken to the hospital in order to exercise his right to an independent test of his breath." Because there was *no* evidence in the record establishing that the defendant, in fact, ever made such request, we find that the officer's testimony, alone, is insufficient to support the trial court's factual finding.

In this case, the *defense attorney*, in what the trial court referred to as "artfully worded questions," raised the notion that Gillette requested a hospital-conducted, independent breath test. However, the defense attorney's questions assumed facts not established by any evidence, i.e., that such request had been made. Clearly, the defense attorney's questions, no matter how "artfully worded," cannot themselves serve as proof. The arresting officer repeatedly testified that he did not recall Gillette making such request; such request *might* have been made, but he did not remember it. In the absence of *any* evidence affirmatively establishing that Gillette did, in fact, request a hospital-conducted, independent breath test, there is nothing in the record but the officer's mere speculation that such request *might* have been made. Such speculation or conjecture, unsupported by fact in the record, is not competent evidence to establish the fact

about which such speculation or conjecture is made; such evidence cannot even support an inference, let alone establish a fact. See *Greene v. Jenkins*, 224 Ga. App. 640, 644 (2) (481 SE2d 617) (1997).

Further, in light of the fact that Gillette did not testify, there was no conflict in the evidence for the trial court to resolve. Thus, as a matter of credibility, even if the trial court chose to *disbelieve* the police officer's testimony, the court was presented with no evidence by which to establish as fact the defense attorney's version of events, i.e., that Gillette requested a hospital-conducted, independent breath test. Disbelief of a witness' testimony as to certain facts does not, by itself, factually establish the opposite conclusion so as to serve as proof thereof. "A fact is not proved unless it is established." (Citation and punctuation omitted.) *Jackson v. State*, 177 Ga. 264, 265 (170 SE 26) (1933); *Mooney v. State*, 221 Ga. App. 420, 424 (471 SE2d 904) (1996).

At the motion hearing, no evidence established as fact that Gillette requested a hospital-conducted, independent breath test so as to serve as prove thereof. Accordingly, the trial court's factual finding was clearly erroneous, and the grant of the motion to suppress was error.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 19, 1999.

*Gerald N. Blaney, Jr., Solicitor, Traci R. Soderberg, Assistant Solicitor*, for appellant.

*Clark & Towne, Jessica R. Towne*, for appellee.