## A00A2159. DODGEN v. THE STATE.

(543 SE2d 814)

MILLER, Judge.

Leslie Caron Dodgen was found guilty of driving under the influence of alcohol. On appeal, she challenges the exclusion of her would-be testimony as hearsay, and in three related enumerations of error, she challenges the denial of her motion to suppress. We discern no error and affirm.

1. When reviewing the denial of a motion to suppress, this court is guided by three principles with regard to the interpretation of the trial court's judgment of the facts.[1]

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's

---

[1] *State v. Gillette*, 236 Ga. App. 571, 573 (512 SE2d 399) (1999).

findings and judgment.[2]

Dodgen argues that she requested and was denied a second test as allowed by OCGA § 40-5-67.1 (b) (2).[3] At the hearing on the motion to suppress, the arresting officer testified that he read Dodgen her implied consent rights and that she consented to a breath test. He further testified that Dodgen did not request another test. Dodgen, however, testified that she requested a second test on several occasions and that the officer told her she "had had [her] chance and that [her] options were exhausted."

In denying the motion to suppress, the trial court made the specific finding of fact that Dodgen did not request a second test, and in the denial of Dodgen's motion for new trial, the court stated that it "did not find [Dodgen]'s testimony that she asked for an independent test after the State's test credible," and that it did find the officer's testimony credible.

On a motion to suppress the court sits as the trier of fact and makes a finding upon conflicting evidence.[4] And "[w]here there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial court."[5] Thus, as there was evidence to support the court's findings, it did not clearly err in denying Dodgen's motion to suppress.[6] Dodgen's first, second, and fourth enumerations are without merit.

2. Dodgen complains that her testimony of what the intake officer stated in response to her request for another test was not hearsay and should have been admitted. Dodgen testified that while she was being processed at the jail by another officer, she again demanded a second test. She further testified that the arresting officer overheard this conversation, rolled his eyes, and grinned.[7] The court sustained the prosecution's objection that the intake officer's

---

[2] (Citation and punctuation omitted.) Id.

[3] Dodgen's argument that the contradictory testimony rule applies to the arresting officer's testimony is without merit as that rule applies in civil proceedings in the setting of a directed verdict or motion for summary judgment. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986).

[4] *Gillette*, supra, 236 Ga. App. at 573.

[5] (Citation and punctuation omitted.) *Lovell v. State*, 178 Ga. App. 366, 368-369 (343 SE2d 414) (1986).

[6] See *Geoffrion v. State*, 224 Ga. App. 775, 778 (3) (482 SE2d 450) (1997), overruled in part on other grounds, *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

[7] In support of her argument that the testimony should have been allowed, Dodgen cites to two cases which hold that anything seen or heard by a witness in the presence of the defendant is admissible and does not constitute hearsay. But "[s]uch statement is admissible in evidence, to show that it calls for a reply, and to show the acquiescence of the accused." (Citation and punctuation omitted.) *Jarrett v. State*, 212 Ga. App. 381, 384 (441 SE2d 843) (1994). Moreover, that holding applies to something heard by a witness in the presence of the defendant, not something heard by one witness in the presence of another.

response would be hearsay and not admissible.

The intake officer's response, as testified to by Dodgen, was an out-of-court statement being offered to prove the truth of Dodgen's testimony that she requested a second test. In our view, the response would have been hearsay, and so the court did not err in sustaining the prosecution's objection.[8]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 3, 2001.

*Paul S. Weiner*, for appellant.

*Keith C. Martin, Solicitor, Aaron B. Mason, Tasha M. Mosley, Kristin R. Campbell, Assistant Solicitors*, for appellee.

---

[8] See OCGA § 24-3-1 (a), (b); *Strickland v. State*, 221 Ga. App. 120, 122 (3) (470 SE2d 508) (1996).