## A02A0133. BINKLEY v. THE STATE.
(566 SE2d 31)

POPE, Presiding Judge.

Scott Jon Binkley was convicted of manufacturing marijuana but appeals denial of his motion to suppress the evidence that led to his conviction.

The evidence showed that while investigating another matter, Sergeant Meehen of the Lumpkin County Sheriff's Office and State Trooper Van Scoten smelled the odor of burning marijuana near and possibly coming from Binkley's home. The officers spoke to Binkley at his front door, told him why they knocked, and asked him to step outside, which he did. The officers smelled a strong odor of burnt marijuana coming from Binkley himself and noticed that he had red, glassy, and watery eyes. Trooper Van Scoten concluded that Binkley appeared to be under the influence of marijuana.

The officers asked for permission to search the home two or more times, but each time Binkley denied permission. They then explained that they were going to secure his residence and contact a K-9 unit as a preliminary step to obtaining a search warrant for the premises. They secured the residence by having all occupants — Binkley and his wife — step outside. Officer Meehen then went to his car to request a K-9 unit, leaving Van Scoten with the Binkleys. Van Scoten testified that he also told them that they were free to leave.

After Meehen returned and the officers again asked for but failed to receive permission to search the house, Binkley admitted that he had smoked some marijuana, that he had some form of marijuana in the house, and that he was going in the house to get it for them. When he went in the house, the officers followed him all the way to the marijuana. Van Scoten testified that Binkley's actions implied that he had given permission to enter. But he also testified that under these circumstances, he does not allow a suspect to walk back into a house because he may gain access to a weapon or destroy evidence.

After entering the house, Binkley showed the officers burnt marijuana cigarettes in an ashtray, and they arrested him and took him to a patrol car. The officers then asked Mrs. Binkley for permission to search the rest of the house, which she admits she gave. She led Van Scoten to a closet containing a hydroponic growing system with growing marijuana.

Both Mr. and Mrs. Binkley admitted smoking marijuana that night. Binkley denied that the officers ever told him that he was free to leave or that he had a right to refuse consent to search.

The trial judge found that Binkley did not consent to allow the officers to enter the house but that there were exigent circumstances permitting a warrantless search in that Binkley could have disposed of evidence when he went back inside.

Our Supreme Court has explained that three principles should guide appellate interpretation of a trial court's findings of fact made in connection with a motion to suppress evidence.

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to [the] questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

Construing the evidence in favor of upholding the trial court shows that there was evidence to support the conclusion that the officers did not have consent to enter the premises when Binkley turned and reentered his home.

But there was evidence of exigent circumstances because Binkley could have destroyed evidence when he went inside. An officer may gain access justified by the Fourth Amendment "by obtaining a warrant, obtaining consent, or by the existence of exigent circumstances which require the officer to act immediately without warrant or consent." *State v. David*, 269 Ga. 533, 535-536 (2) (501 SE2d 494) (1998). Exigent circumstances include those where the officer reasonably believes that such action is a necessary response on his part to an emergency situation. *Coker v. State*, 164 Ga. App. 493, 496 (5) (297 SE2d 68) (1982). Binkley smelled of marijuana, had red, glassy, and watery eyes, and admitted he smoked some marijuana and that there was some in the house. These facts gave probable cause to arrest Binkley on his doorstep. The trial court could have believed Van Scoten's testimony that Binkley had been told that his house was being secured. When Binkley reentered his house under the circumstances without permission, it created the opportunity for him to destroy evidence. The court's factual finding that there were exigent

circumstances was authorized by the evidence and is binding unless clearly erroneous, which it was not. See, e.g., *Anderson v. State*, 193 Ga. App. 6, 8 (2) (387 SE2d 148) (1989).

Finally, there was evidence to support that Mrs. Binkley consented to a search of the remainder of the premises.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED MAY 10, 2002 — 

*William S. Hardman*, for appellant.

*N. Stanley Gunter, District Attorney, William J. Langley, Assistant District Attorney*, for appellee.