## A03A2528. BROWN v. THE STATE.
### (592 SE2d 903)

JOHNSON, Presiding Judge.

Following a bench trial, Kenneth Brown was found guilty of driving while under the influence of alcohol. Brown contends he was not timely read his implied consent warnings and that the trial court, therefore, erred in denying his motion to suppress the breath test results. We find no error and affirm Brown's conviction.

When reviewing a trial court's decision on a motion to suppress, an appellate court must adopt the trial court's findings of fact unless those findings are clearly erroneous and not supported by any evidence admitted at the suppression hearing.[1] Here, the trial court found that the officer's delay in reading the implied consent warning was reasonable given the totality of the circumstances. We agree.

As a general rule, the implied consent warning must be given by the arresting officer "at the time of arrest."[2] This Court has consistently held that the warning must be given at a time as close in proximity to the instant arrest as the circumstances of that particular case might warrant.[3] In the present case, the evidence is undisputed

[1] *State v. David*, 269 Ga. 533, 535 (1) (501 SE2d 494) (1998); *State v. Gillette*, 236 Ga. App. 571, 573 (512 SE2d 399) (1999).

[2] OCGA § 40-6-392 (a) (4).

[3] *Townsend v. State*, 236 Ga. App. 530, 531 (1) (b) (511 SE2d 587) (1999); *Edge v. State*, 226 Ga. App. 559, 560 (1) (a) (487 SE2d 117) (1997).

that the total time that elapsed between the time the officer began the arrest process and the time he read the implied consent warning was six minutes and fifty seconds. Since the arrest process took two minutes and three seconds, the actual time from arrest to the reading of the implied consent warning was four minutes and forty-seven seconds.

The arresting officer testified that during the elapsed four minutes and forty-seven seconds he was verifying there were no weapons in a jacket on Brown's motorcycle or in the motorcycle compartments. He was also determining whether there was a threat posed by two bystanders walking freely about in the proximity of the motorcycle and the patrol car. And, he was searching for identification to confirm Brown's identity. A delay may be warranted where, as here, the exigencies of police work prevent giving the advice immediately.[4] Under the facts and circumstances of this case, we agree with the trial court that it was not unreasonable for the officer to perform a quick search for weapons on the open motorcycle and to quickly question bystanders to ensure that they did not pose a threat.

Moreover, in a situation where an officer properly delays the reading of implied consent for a brief period in order to attend to the exigencies of police work, it is incumbent upon the defendant to demonstrate how he would have benefitted by being read the implied consent warning earlier.[5] Brown has made no such showing.

Because the implied consent warning was given in close proximity to the arrest and its timing was warranted by the circumstances, the trial court properly denied Brown's motion to suppress the results of his breath test.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2004.

*George C. Creal, Jr.*, for appellant.
*Robert Stokely, Solicitor-General*, for appellee.

---

[4] *State v. Marks*, 239 Ga. App. 448, 453 (2) (521 SE2d 257) (1999).
[5] Id.; *Fore v. State*, 180 Ga. App. 196 (348 SE2d 579) (1986).