A06A0151. SIMMONS v. THE STATE.
(627 SE2d 928)

ADAMS, Judge.

Following a bench trial, the trial court found Darion Simmons guilty of possession of cocaine with the intent to distribute, possession of marijuana with the intent to distribute, and obstruction of an officer. Simmons appeals, contending the trial court should have granted his motion to suppress because there were no exigent circumstances authorizing the police officers' warrantless entry into his residence. Simmons further asserts that the police officers' unauthorized entry precludes his conviction for obstruction of an officer. For the reasons set forth below, we affirm.

1. Our Supreme Court has explained that three principles should guide our review of a trial court's ruling on a motion to suppress. *Binkley v. State*, 255 Ga. App. 313, 314 (566 SE2d 31) (2002).

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to the questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation and punctuation omitted.) Id.

Viewed in this light, the record shows that police officers went to Simmons' residence to execute an arrest warrant for Michael Jackson. When the officers opened the outer screened door and knocked on the inner door, Simmons answered. The officers asked if Jackson was present, and Simmons told them that he was not and that Jackson did not live there. When the police asked for Simmons' consent to search for Jackson, Simmons did not answer and walked away from the officers, leaving the inner door open. Simmons walked to the back of the house and then returned to the front room where the police were waiting outside the front door while still holding the screen door open. Simmons then went to the mantle, picked up a plastic bag that appeared to contain crack cocaine, and threw it into a fire burning in the fireplace. The officers then entered the home and removed the plastic bag from the fire to prevent the destruction of evidence.

Based on these facts, the trial court concluded the officers lawfully "entered the defendant's residence due to an exigent circumstance created by the defendant." We agree. In *State v. David*, 269 Ga. 533, 536 (2) (501 SE2d 494) (1998), the Supreme Court held

> it is clear that the officer's warrantless intrusion into the apartment was justified by classic exigent circumstances: the likelihood that the contraband was in danger of immediate destruction, as it was undisputed that the officer saw one of the apartment's occupants attempt to conceal the contraband upon seeing the officer at the open door. Thus, the officer's warrantless intrusion into the home was authorized and the trial court and Court of Appeals erred in ruling otherwise.

(Citations omitted.) In this case, it is likewise undisputed that Simmons tried to destroy crack cocaine after the officers appeared at his door to try to search for and arrest Jackson.[1] The trial court did not clearly err when it concluded exigent circumstances justified the officers' warrantless entry of Simmons' residence. Id.

2. Our holding in Division 1 renders Simmons' remaining enumeration of error moot.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 6, 2006.

*Healy & Svoren, Timothy P. Healy*, for appellant.

---

[1] The evidence submitted at trial showed that the substance was in fact cocaine.

*Michael H. Crawford, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.