## A06A1675. BOLDIN v. THE STATE.
### (639 SE2d 522)

MIKELL, Judge.

On June 24, 2005, following a bench trial, John Henry Boldin was convicted of trafficking in methamphetamine and other offenses, and

---

sentenced to twenty years, including ten in prison. Boldin now appeals, contending in his sole enumeration of error that the trial court erred in denying his motion to suppress evidence obtained as a result of a warrantless entry into his residence. We affirm.

As our Supreme Court has explained, three principles should guide appellate review of a trial court's ruling on a motion to suppress:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to the questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

So construed, the evidence presented at the suppression hearing showed that, on March 3, 2004, Sergeant David White, of the Barrow County Sheriff's Office, acting on information he had received concerning possible drug transactions at Boldin's home in Barrow County, drove to Boldin's home with two other sheriff's office investigators[2] to do a "knock and talk." They had no search warrant, nor did they have enough information at that stage to obtain one. White testified that the officers, two in plain clothes and one in a "casual uniform," drove into Boldin's driveway in an unmarked car. White observed that one of the two garage doors of the residence was open, and that two people, one of whom turned out to be Boldin, were standing inside the open garage. White, who was driving, brought the car to a stop approximately 20 feet from the threshold of the open garage door. When White opened the car door, he immediately smelled the odor of burning marijuana, which became stronger as he got out of his car and walked toward the garage door. When White attempted to identify himself, Boldin "scooped up a trash bag off the floor in his arm and took off running into the house and slammed the door," according to White's testimony. As Boldin ran into the house, the officers called out, "Sheriff's office. Stop." and "Police. Stop." Boldin, however, did not stop but continued into the house. White testified that, as Boldin

---

[1] (Punctuation omitted.) *Binkley v. State*, 255 Ga. App. 313, 314 (566 SE2d 31) (2002), citing *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[2] Investigator Robert White and Sergeant Bobby Martin, both from the Barrow County Sheriff's Office, accompanied Sergeant David White to Boldin's residence.

ràn across the garage holding the garbage bag, some items fell out of the garbage bag onto the floor of the garage, including a gallon zip-lock bag that appeared to contain marijuana residue.

White further testified that, fearing that Boldin would destroy evidence, and believing that these were "exigent circumstances" which justified immediate entry into the house even though they had no search warrant, White and the other two officers pursued Boldin across the garage and forced entry into the house. There, they found the garbage bag fallen on the floor, open, with its contents spilled out. Those included clear plastic bags containing what appeared to be marijuana residue, small jewelry bags, a cigar box, and "all kind of things . . . associated with the packaging and use of marijuana and methamphetamine," according to White's testimony. Boldin was taken into custody and White read him his *Miranda* rights.[3] White then left to obtain a search warrant. Upon obtaining the warrant, the officers returned to search Boldin's residence that same day.

White further testified that he had been a "dope agent" for six years; that he had smelled the odor of marijuana "a thousand" times in the course of his work as a law enforcement officer; that that particular odor is "distinct and separate" from other odors; and that he had "[n]o doubt whatsoever" that it was burning marijuana that he smelled as he got out of his car at Boldin's house. He also testified that he had seen the residue of marijuana in clear plastic bags "hundreds" of times in his work as a police officer, so that it was readily apparent to him that the bags found on Boldin's garage floor and in the garbage bag in his home contained what appeared to be marijuana.

1. On appeal, Boldin first contends that the facts found by the trial court — that White could smell burning marijuana emanating from the garage; that Boldin dropped a zip-lock bag as he fled with the garbage bag; and that White could tell that this zip-lock bag contained contraband — were clearly erroneous because they were not supported by the evidence. We disagree. "Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact."[4] The testimony given by the police officer and that given by Boldin and Calhoun were in conflict; the judge explicitly resolved this conflict adversely to Boldin; and the judge's findings are supported by some evidence.[5]

---

[3] The other person in the garage, Kristopher George Calhoun, was also arrested. Calhoun was charged with possession of marijuana and possession of hydrocodone. He entered a guilty plea.

[4] *Tate*, supra at 56-57 (3) (order suppressing evidence not clearly erroneous where trial court found as fact that police stop of defendant's vehicle was not actually based on a traffic violation).

[5] See, e.g., *Yemane v. State*, 277 Ga. App. 286, 288 (626 SE2d 238) (2006) (trial court's denial

2. Further, having found these facts, the trial court correctly ruled that White had probable cause to suspect that contraband was in Boldin's residence.[6] Although the odor of marijuana may not suffice by itself to provide probable cause for the search of a residence,[7] the odor of burning marijuana is one of the factors which, under the totality of the circumstances, will support a finding of probable cause.[8] Here, the officer also observed marijuana in a plastic zip-lock bag on the floor of the garage, after it fell from a garbage bag held by defendant as he fled into the house. The officer's observation of objects within the garage from its threshold, that is, from a vantage point outside the home, "was a lawful 'nonsearch plain view situation,' "[9] supporting a finding of probable cause to suspect that contraband was in Boldin's house.

3. Even if the officer had probable cause to obtain a search warrant, however, the question still remains whether the warrantless entry was valid under the Fourth Amendment, "for the plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer only if the officer's *access* to the object itself has some prior Fourth Amendment justification,"[10] that is, where the officer has obtained a search warrant, or in the absence of a warrant, has obtained consent, or where "exigent circumstances . . . require the officer to act immediately without warrant or consent."[11] Here, because the officers had neither warrant nor consent to enter Boldin's residence, their warrantless entry must be justified by exigent circumstances. "Whether these circumstances exist is a question of fact to be determined by the trial court, and the judge's decision, if supported by any evidence, is to be accepted."[12]

---

of motion to suppress affirmed where some evidence supported finding that police obtained prior consent before entering apartment); cf. *State v. David*, 269 Ga. 533, 535 (1) (501 SE2d 494) (1998) (grant of motion to suppress was error in light of uncontradicted evidence that officer saw contraband from vantage point outside apartment).

[6] *Bigby v. State*, 250 Ga. App. 529 (1) (552 SE2d 129) (2001) (trained officers' detection of the odor of marijuana, together with defendant's flight into apartment, provided probable cause for arrest).

[7] *State v. Charles*, 264 Ga. App. 874, 876 (2) (592 SE2d 518) (2003) (trial court's order suppressing evidence affirmed where no evidence that " 'slight odor of . . . marijuana' " was from current use inside motel room); *Shivers v. State*, 258 Ga. App. 253, 257 (573 SE2d 494) (2002) (denial of motion to suppress reversed; odor of burnt marijuana on defendant's person, without more, failed to establish probable cause for search of his home).

[8] *State v. Fossett*, 253 Ga. App. 791, 793 (1) (560 SE2d 351) (2002).

[9] (Citations omitted.) *David*, supra at 535 (2).

[10] (Citations omitted; emphasis in original.) Id.

[11] Id. at 536 (2).

[12] (Punctuation and footnote omitted.) *State v. Merit*, 262 Ga. App. 687, 689 (586 SE2d 393) (2003). Accord *Jackson v. State*, 280 Ga. App. 716, 718-719 (1) (634 SE2d 846) (2006) (occupants' immediate flight from open doorway back inside residence upon seeing arrival of police

"A classic example of exigent circumstances is the likelihood that contraband is in danger of immediate destruction."[13] Because illegal drugs can easily and swiftly be destroyed, the exigent circumstance doctrine is especially necessary in narcotics cases.[14] In the case at bar, the trial court was authorized to find from the evidence that the officers had reasonable grounds to believe that, once inside the house and out of sight of the officers, Boldin would hide or destroy the contraband, based on Boldin's flight into the house upon sight of the police officers, his slamming closed the door to the house, and the contraband he dropped that lay in plain sight in the garage. The trial court therefore did not err in denying Boldin's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 20, 2006.

*Christopher T. Adams*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

constituted exigent circumstances justifying immediate entry despite invalidity of "no-knock" provision in search warrant).

[13] (Footnote omitted.) *Land v. State of Ga.*, 265 Ga. App. 859, 861 (1) (595 SE2d 540) (2004) (warrantless entry justified by threat that evidence would be destroyed, where defendants inside residence knew officers were at door but refused to open). Accord, e.g., *Simmons v. State*, 278 Ga. App. 7, 8 (1) (627 SE2d 928) (2006) (police standing at door saw defendant throw plastic bag containing cocaine into fire; warrantless entry justified to prevent destruction of evidence); *Binkley*, supra (warrantless entry justified where defendant could have destroyed evidence when he went back inside house); *Taylor v. State*, 254 Ga. App. 150, 151-152 (1) (561 SE2d 833) (2002) (same); *David*, supra (officer's warrantless entry justified by likelihood that contraband would be destroyed, where officer saw occupant attempt to conceal contraband).

[14] *Alvarado v. State*, 271 Ga. App. 714, 715-716 (1) (610 SE2d 675) (2005) (exigent circumstances existed where man talking on cell phone in front of defendant's residence could have been warning defendant to destroy contraband).