A07A0767. THE STATE v. STELZENMULLER.
(646 SE2d 316)

SMITH, Presiding Judge.

The State appeals from the trial court's order granting Lee Ann Stelzenmuller's motion to suppress evidence of her refusal to submit to a breath test in this DUI case. The State asserts that the trial court's conclusion that the arresting officer was not credible was not supported by the record and that the trial court therefore erred when it granted the motion to suppress. For the reasons set forth below, we disagree and affirm.

We must abide by the following three principles when reviewing a trial court's order concerning a motion to suppress evidence:

First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) State v. Hester, 268 Ga. App. 501, 502 (602 SE2d 271) (2004). With these principles in mind, the record shows that the arresting officer was the only witness who testified at the motion to suppress hearing and that the parties agreed that the only issue before the trial court was whether the implied consent warning was read before or after Stelzenmuller was arrested. See Hough v. State, 279 Ga. 711, 716 (2) (a) (620 SE2d 380) (2005) (suspect must be under arrest before implied consent rights are read in case not involving serious injuries or fatalities).

The arresting officer responded to a report of a single-car accident and administered field sobriety tests to Stelzenmuller, the driver. The officer testified that after he administered the field sobriety tests, the defendant kept repeating that she wanted to drive home. The officer "told her she could, but first she has to go to the DeKalb County jail. I had her have a seat in the back of my unit. And

that is when I told her to listen up, pay attention, I'm about to read her the Georgia implied consent." The officer stood outside the patrol car when he read the implied consent warning. The officer testified that after reading the implied consent warning, the officer frisked Stelzenmuller, placed her in handcuffs, and transported her to jail.

During cross-examination, defense counsel attempted to impeach the officer with statements he made during an earlier administrative hearing.

> Q. Officer . . . , do you remember testifying at an administrative hearing on August 10, 2006?
> A. Yes. . . .
> Q. Do you remember ever saying during your opening statement that my client said, she repeatedly said she wanted to go home and you said, no, you're going to jail? Do you remember ever saying that in your opening statement?
> A. No, I don't.
> Q. Do you remember ever saying in your opening statements regarding whether or not all the evidence pertaining to when the implied consent card was read, do you remember ever testifying in your opening statement that she was in the back of your car unhandcuffed when you read the implied consent card.
> A. I don't recall.
>
> . . .
>
> Q. And during this exhaustive testimony that you gave to [defense counsel], he asked you repeatedly over and over, did he not, about where you were when you placed her under arrest. At no time, am I being correct, did you ever say she got in the back of the police car or she said I want to go home, I want to go home?
> A. I can't recall.
> Q. You can't recall if you mentioned that in the administrative hearing?
> A. No.
> Q. You agree, though, that if that were true that would have been important evidence to bring out during that hearing?
> A. Yes.

Defense counsel did not attempt to introduce a certified copy of the administrative hearing transcript until the closing argument portion of the hearing. The State objected, asserting that it was "too late to submit evidence," and the trial court sustained the State's objection. During closing, defense counsel argued that it

is just not credible that he would put the defendant in the back of his police [car] without patting her down, without placing her in handcuffs, without making an arrest, but to take her right to [sic] field sobriety evaluations in the police car and then take her back out, pat her down, and put her in handcuffs. It is not credible testimony.

The trial court granted the motion to suppress at the conclusion of hearing and issued a written order on the same day. In its written order the trial court stated:

The Court takes issue with the officer's credibility, because at the administrative hearing, the officer never mentioned that the Defendant was placed in his vehicle prior to the reading of the Implied Consent notice. Further, at that hearing, the officer never mentioned that he told Defendant that she would have to go to jail prior to the time that he read the Implied Consent notice. These events seem to have been mentioned for the first time at the November 3d hearing, even though a prior administrative hearing had taken place.

Further, it doesn't make sense for the officer to have placed Defendant in his vehicle without handcuffs in an arrest situation, and then later to have gone back to hand-cuff her behind her back. Finally, even if the officer were deemed credible, his statement to Defendant that she could go home after they went to jail would not necessarily indicate to a reasonable person that her detention was anything more than temporary.

Therefore considering all the circumstances and evidence, the Court finds that the Implied Consent notice was read to Defendant prior to the time of her arrest, in violation of the mandate of *Handschuh*.[1]

On appeal, the State asserts that the trial court erred for two reasons: (1) the trial court's credibility determination was clearly erroneous because it was based on facts not in evidence; and (2) the officer's version of events shows that the defendant was under arrest before the implied consent warning was read.

---

[1] The trial court cited the name of the companion case in *Hough*, supra, 279 Ga. 711.

1. The State correctly asserts that because the trial court excluded the administrative hearing transcript from evidence, this transcript cannot be used to support the trial court's credibility determination. Stelzenmuller argues that her impeachment of the officer during cross-examination provides support for the trial court's credibility determination. We disagree, because a close examination of the motion to suppress hearing transcript, which was not available to the trial court at the time of its ruling, shows that the cross-examination established only that the officer did not presently remember what he may have failed to say at the earlier administrative hearing, *not* that he actually failed to mention certain facts in the administrative hearing.

Our analysis does not end here, however, because the trial court also based its credibility determination on its conclusion that the officer was not credible and that his version of events "doesn't make sense." Therefore, "the trial judge, sitting as the trier of fact, chose to disbelieve the testimony." *Hester*, supra, 268 Ga. App. at 504. See also *State v. Brown*, 278 Ga. App. 457, 460 (629 SE2d 123) (2006). "Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony." (Citation and punctuation omitted.) *Brown*, supra, 278 Ga. App. at 460. This court "cannot, and will not, usurp the authority of the trial judge to consider such factors as demeanor and other credibility-related evidence in reaching its decision." Id. at 461. Because the trial court found the officer was not credible, the State failed to meet its burden of proof with regard to the admission of her refusal to take a chemical test of her breath. See *State v. Johnston*, 160 Ga. App. 71, 74 (286 SE2d 47) (1981) (State has burden of proving compliance with mandated procedures regarding chemical tests of breath in DUI cases).

Our decision in *State v. Gillette*, 236 Ga. App. 571 (512 SE2d 399) (1999), does not alter this outcome. In *Gillette*, the trial court's grant of the motion to suppress hinged on an affirmative finding of fact that the defendant had asked for an additional independent test of his breath, and there was no evidence establishing this fact. Id. at 573. As a result, we held that "[d]isbelief of a witness' testimony as to certain facts does not, by itself, factually establish the opposite conclusion so as to serve as proof thereof." Id. at 574.

In this case, the trial court did not have to find as a matter of fact that the officer read the implied consent warning before arresting Stelzenmuller in order to grant the motion to suppress. Its grant of the motion is adequately supported by the State's failure to meet its burden of proving that the implied consent warning was read after

her arrest. The State failed to meet its burden because the trial court found the officer's testimony lacked credibility and there was no other evidence showing that the warning was given after Stelzenmuller's arrest.

2. Based on our holding in Division 1, we need not address whether the officer's version of events shows that a reasonable person in Stelzenmuller's position would have believed she was under arrest at the time the implied consent warning was read.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MAY 10, 2007.

*Shawn E. LaGrua, Solicitor-General, Mirna G. Andrews, Assistant Solicitor-General*, for appellant.

*Harvey T. Siegel, Michael P. Jacobs*, for appellee.