## A10A1354. THE STATE v. PETTIS.
### (702 SE2d 39)

ANDREWS, Presiding Judge.

The State appeals from the trial court's order granting Brandon L. Pettis's motion to suppress his confession. The trial court held that the officers' testimony that they read Pettis his *Miranda* rights before questioning him was not credible. Because this decision was not clearly erroneous, we affirm.

This case arose after police responded to a call following an accident. One of the officers noticed that items in the back of the pickup truck involved in the accident seemed "out of place." The officer stated that there were video games and movies mixed in with lawnmowers and gasoline cans. After Pettis, the owner of the truck, gave officers permission to search the truck, Reshard Harris, Pettis's co-defendant and a passenger in the truck, admitted to Officer Knowles that he and Pettis had stolen the items in the truck.

Knowles then went to Pettis, told him that he knew the items were stolen and placed Pettis under arrest. Knowles testified that he then read Pettis his *Miranda* rights, after which Pettis confessed to committing the burglary.

Knowles took Pettis to police headquarters where Pettis was interviewed by Assistant Police Chief Cooper. Cooper testified that he read Pettis his *Miranda* rights and then took Pettis's confession.

The standard for determining the admissibility of confessions is the preponderance of evidence. To determine whether the state has proven that a confession was made

voluntarily, the trial court must consider the totality of the circumstances. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.

*Bell v. State*, 280 Ga. 562, 564 (629 SE2d 213) (2006).

In this case, the trial court held that both Knowles's testimony and Cooper's testimony were not credible and therefore, the State had not proven that Pettis's confession was voluntary. The court pointed to Knowles's response when asked on cross-examination if he could actually recall reading Pettis his *Miranda* rights, which was:

> [T]o be honest with you, it seems like I can picture it in my head that I did. So I would like to say, I did but, you know, I'm playing it in my head as we speak, and it seems like we did, or I did. . . . I think my report states that I did . . . and that was written like a day later. . . . So, my answer to that would be I'm 100 percent for sure that I would.

The court's order noted that Knowles paused for a long time and looked around before responding. The trial court held that Knowles's testimony that he must have read the *Miranda* warning to Pettis because he wrote it down in his report the next day was neither credible nor reliable.

The trial court also found that Cooper's testimony on the issue was not credible. The court's order notes many discrepancies in Cooper's testimony and also irregularities in the recording of the interview. At first, Cooper testified that he left the recorder on throughout the entire interview,[1] but there were three separate audio files when the interview was played in court. The State's expert said that in order to have the interview in three different files, the recording would have to be stopped. Further, the "time stamps" of each separate file did not correspond to the length of each interview. The State's own expert had no explanation for how this happened, stating: "That's the first time I saw this in my life."

> Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony. This court

---

[1] Cooper later acknowledged that it was another officer who recorded the interview.

cannot, and will not, usurp the authority of the trial judge to consider such factors as demeanor and other credibility-related evidence in reaching its decision.

(Citation and punctuation omitted.) *State v. Stelzenmuller*, 285 Ga. App. 348, 351 (646 SE2d 316) (2007).

Here, the trial court's order makes clear that Knowles's demeanor and testimony caused the court to doubt his credibility. Further, the court held that the evidence from the audio files raised a "grave suspicion" that they were altered at some time after the interview to reflect that *Miranda* warnings were given before the interview when, in fact, they were not given until some time after. The court held that not only did it have concerns about the integrity of Pettis's recorded statement, "but there are numerous other instances where this Court finds the officer's testimony is not credible."

After reviewing the record, we cannot say that the trial court's determinations concerning the officers' credibility are clearly erroneous. See *Bell,* supra. Accordingly, the trial court did not err in granting Pettis's motion to suppress his confessions following his arrest.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED SEPTEMBER 24, 2010.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Lenny I. Krick, Assistant District Attorneys*, for appellant.
*Matthew T. McNally*, for appellee.