### A11A0099. SMITH v. THE STATE.
(707 SE2d 175)

MCFADDEN, Judge.

After a jury trial, Tommy Smith was convicted of possessing cocaine and possessing cocaine with intent to distribute. Smith appeals, arguing that the trial court erred in denying his motion to suppress evidence on the ground that the police did not knock on his home's door and announce their presence before executing a search warrant that did not contain a "no-knock" provision. The argument is without merit because the existence of exigent circumstances authorized the officers' no-knock execution of the search warrant. Accordingly, we affirm.

Generally, OCGA § 17-5-27 requires that police "make a good faith attempt to verbally announce their authority and purpose before entering a building to execute a search warrant. [Cits.]" *Jackson v. State*, 280 Ga. App. 716, 717 (1) (634 SE2d 846) (2006). But " '(c)ompliance with OCGA § 17-5-27 in the execution of a search warrant is not required where the police have a reasonable, good faith belief that forewarning would increase their peril or lead to the immediate destruction of evidence.' [Cit.]" Id. at 718 (1). "Whether [such exigent] circumstances exist is a question of fact to be determined by the trial court, and the judge's decision, if supported by any evidence, is to be accepted." (Citations and punctuation omitted.) Id. In reviewing a trial court's decision on a motion to suppress, " 'we consider all the evidence of record, including evidence introduced at trial.' [Cit.]" *Wilson v. State*, 306 Ga. App. 286 (702 SE2d 2) (2010).

In this case, testimony given at the motion to suppress hearing and the trial shows that a police investigator obtained a search warrant for Smith's house based primarily on information from a confidential source about recent drug sales and activity in the house. On January 27, 2006, the investigator and several other officers went to the back of Smith's house as three other officers approached the front of the house. The officers at the front saw several people on the porch and repeatedly identified themselves as police officers with a search warrant. The people on the front porch immediately ran into

the house. The officers followed them, continued to announce that they were police with a search warrant and ordered the occupants of the house to get on the ground. The occupants ignored the commands and continued running throughout the house. The investigator and other officers at the back of the house heard the announcements and commands made by the officers in front and also heard the people from the porch running into the house. The officers at the back then announced their presence and forced their way into the house through the barricaded back door.

Relying on *Poole v. State*, 266 Ga. App. 113 (596 SE2d 420) (2004), Smith argues that there were no exigent circumstances justifying the forced entry into the house. In *Poole*, supra at 117-118 (1), this court held that the evidence did not demonstrate an exigency based solely on the fact that a person inside the residence had looked out of, and then left, a window. As we explained, "[t]o find exigent circumstances in this case would amount to the adoption of a per se rule that once law enforcement officers realize that an occupant of the premises to be searched for drugs has discovered the officers' presence outside the premises, the notice requirement is excused." Id. at 119 (1).

But the instant case is materially different from *Poole* since it does not merely involve a person inside a house looking out a window. Rather, this case is similar to, and controlled by, *Jackson v. State*, supra. Here, as in *Jackson*, it was the immediate flight of people from the exterior "back into the residence that concerned officers and distinguishes this case [from *Poole*]." Id. at 719 (1). As we held in *Jackson*,

> [i]n light of the occupants' immediate flight upon seeing police, into a residence where police had [confidential information of recent] drug purchases, there was evidence to support the trial court's ruling that the officers had a reasonable belief that the fleeing occupants may retrieve weapons or may destroy evidence.

Id. Accordingly, the trial court did not err in denying Smith's motion to suppress. See *Boldin v. State*, 282 Ga. App. 492, 496 (3) (639 SE2d 522) (2006) (motion to suppress properly denied under exigent circumstances doctrine where officers reasonably believed that defendant would destroy evidence based on his flight into house upon sight of officers).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 8, 2011.

*Silver & Archibald, Deborah L. Gowen*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.