## A00A0273. PATMAN v. THE STATE.

(537 SE2d 118)

RUFFIN, Judge.

Following a bench trial, high school student Travarous Patman was found guilty of possession of marijuana with intent to distribute.[1] In his sole enumeration of error on appeal, Patman contends the trial court erred in failing to suppress the evidence of the marijuana, asserting that the police officer lacked authority to search him. Patman's claim of error lacks merit, and we affirm.

The record demonstrates that on March 12, 1998, Officer Dale Pope of the Athens-Clarke County Police Department was working a special detail at Clarke Central High School. At 10:00 a.m., Mildred Huff, the school secretary, told Pope that high school student Patman, who had arrived late to school, smelled of marijuana.

Pope followed Patman down a hallway and stopped him. After he stopped Patman, Pope smelled "a strong odor of marijuana." For safety purposes, Pope frisked Patman to check for weapons, and he felt several packages that he described as "little stamp bags" in Patman's jacket pocket. Because Pope knew that such bags were used to package marijuana and because Patman smelled of marijuana, Pope believed Patman had marijuana in his pocket. Pope then asked Patman what was in his pocket, and he responded, "Pope, come on and let me slide." Pope, who viewed Patman's statement as a confession, reached into Patman's pocket and removed eight individually wrapped bags of marijuana.

Prior to trial, Patman moved to suppress the marijuana evidence, arguing that the search that yielded the drugs "was conducted without probable cause, and without a reasonable, articulable suspicion that [Patman] was either armed or dangerous, and without [Pat-

---

[1] Patman also was charged with possession of marijuana with intent to distribute within 1,000 feet of a school, but the trial court issued an order of nolle prosequi on this count.

man's] consent." The trial court denied the motion, and Patman was convicted.

Although students are not stripped of their constitutional rights upon entering school, a student does not enjoy the same degree of privacy while on school property that he would enjoy elsewhere.[2] A student's interest in privacy must be balanced against "the substantial interest of teachers and administrators in maintaining discipline in the classroom and on school grounds."[3] Such discipline is necessary to provide students with a safe and secure school environment.[4] Accordingly, the Fourth Amendment permits school officials to search students based upon circumstances which do not rise to the level of probable cause.[5] The legality of a search of a student depends simply on the reasonableness, under all the circumstances, of the search.[6] In Georgia, school officials may search "subject only to the most minimal restraints necessary to insure that students are not whimsically stripped of personal privacy and subjected to petty tyranny."[7]

If Patman had been searched by a school official, there is no question that the search would be considered reasonable under the circumstances. Patman smelled of marijuana, which gave rise to suspicion that he had recently smoked marijuana.[8] Moreover, when Pope asked Patman what was in his pocket, Patman's request to "let [him] slide," was, if not a confession, at the very least incriminating. However, Patman was not searched by a school official, but by a police officer. Unlike a school official, a police officer must have probable cause to search a suspect.[9]

In denying Patman's motion to suppress, the trial court concluded that Pope was authorized to search Patman under the "plain feel" doctrine. Under this doctrine, if, during a lawful pat-down search, an officer feels an object whose contours or mass makes it *immediately identifiable* as contraband, that officer can seize the item.[10] Thus, for evidence to be admissible under the plain feel doctrine, the searching officer must express a degree of certainty in identifying the item. This is so because a pat-down search "is conducted solely for the purpose of insuring the safety of the officer and of

---

[2] See *New Jersey v. T. L. O.*, 469 U. S. 325, 338-340 (105 SC 733, 83 LE2d 720) (1985).

[3] Id. at 339.

[4] See *State v. Young*, 234 Ga. 488, 496 (2) (216 SE2d 586) (1975).

[5] *T. L. O.*, supra at 341-342.

[6] Id.

[7] *Young*, supra at 497.

[8] See *Cotton v. State*, 237 Ga. App. 18, 19 (513 SE2d 763) (1999) (officer had reasonable suspicion to detain motorist based on odor of marijuana).

[9] *State v. Young*, supra at 498 ("action by school officials will pass constitutional muster only if those officials are acting in their proper capacity and the search is free of involvement by law enforcement personnel").

[10] *Tukes v. State*, 236 Ga. App. 77, 79 (2) (a) (511 SE2d 534) (1999).

others nearby, not to procure evidence for use at a subsequent trial."[11] Here, Pope's testimony that he "felt as though" Patman had marijuana seems to fall short of establishing that he knew immediately that the item was contraband.[12] Accordingly, we disagree with the trial court's conclusion that the search was permissible on this basis.

The State, however, asserts that Pope had probable cause to search Patman for a different reason: because he smelled of marijuana. In its brief, the State argues that the recent case of *State v. Folk*[13] stands for the proposition that the odor of burning marijuana, by itself, establishes probable cause. We disagree. In *Folk*, this Court held that "a trained police officer's perception of the odor of burning marijuana . . . constitutes sufficient probable cause to support the warrantless search of a *vehicle*."[14] But a person has a lesser expectation of privacy in one's automobile than in other contexts such as one's home or office.[15] Accordingly, the fact that the smell of burning marijuana establishes probable cause for the search of a car does not mean that such odor, standing alone, will justify a search in other contexts.[16] Moreover, the odor of burning marijuana suggests that marijuana is still present, whereas the smell of marijuana smoke merely suggests that marijuana was present in the past. Thus, we cannot agree with the State's reasoning.

Nevertheless, we agree that the trial court did not err in denying Patman's motion to suppress. The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search.[17] In this case, the totality of the circumstances gave rise to probable cause. As noted previously, Pope smelled marijuana on Patman, which gave rise to reasonable suspicion that he had recently

---

[11] (Punctuation omitted.) *Brown v. State*, 181 Ga. App. 768, 770 (1) (a) (353 SE2d 572) (1987).

[12] Compare *Tukes*, supra (officer "knew immediately on touching the bulky object concealed in Tukes' pants that the object was contraband").

[13] 238 Ga. App. 206 (521 SE2d 194) (1999).

[14] (Emphasis supplied.) Id. at 209.

[15] *State v. Scott*, 159 Ga. App. 869, 871 (2) (285 SE2d 599) (1981).

[16] See *Clare v. State*, 135 Ga. App. 281, 283 (2) (217 SE2d 638) (1975) (odor of marijuana, by itself, does not justify warrantless search of house).

[17] See *Albert v. State*, 236 Ga. App. 146, 149 (2) (511 SE2d 244) (1999) (odor of marijuana combined with defendant's red, glassy eyes, slurred speech, and failed HGN test gave rise to probable cause to arrest defendant); *Williams v. State*, 187 Ga. App. 409, 412 (2) (370 SE2d 497) (1988) (smell of marijuana along with person's furtive conduct and inconsistent responses gave rise to probable cause to search); *Griffin v. State*, 180 Ga. App. 189, 190 (348 SE2d 577) (1986) (odor of marijuana combined with officer watching the defendant roll cigarette from bag of leafy green substance and then toss cigarette upon officer's approach established probable cause).

smoked marijuana.[18] Pope then patted Patman and felt what he believed to be packages of marijuana in Patman's pocket. When he asked Patman what was in the pocket, Patman's request to "let [him] slide" suggested that he had something incriminating in his pocket. Taken together, the circumstances establish probable cause to search Patman, and the trial court did not err in denying his motion to suppress.[19]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 7, 2000.

*Joel N. Shiver*, for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.

