## A01A1428. THE STATE v. MIXON et al.
### (554 SE2d 196)

MIKELL, Judge.

The state appeals the trial court's suppression of evidence discovered during a warrantless "protective sweep" of the home of defendants Donna and John Roscoe Mixon. A "protective sweep" is a limited search of the house primarily to ensure officer safety by detecting the presence of other occupants. *Inglett v. State,* 239 Ga.

---

[1] *Oliver v. Green,* 240 Ga. App. 439 (523 SE2d 68) (1999).
[2] *Deen v. United Dominion Realty Trust,* 218 Ga. App. 443, 444 (1) (462 SE2d 384) (1995).

App. 524 (521 SE2d 241) (1999). Following the suppression hearing, the court concluded that the warrantless search was unlawful and granted the motion. We affirm the trial court's ruling.

The evidence adduced at the suppression hearing demonstrated that on August 7, 1997, United States Postal Inspector Ronald Monroe Williams intercepted a package mailed from San Antonio, Texas, to Alma, Georgia, addressed to Donna Dale. Williams was notified that the package had been singled out by a drug-detecting dog. Williams arranged for a "parcel lineup," where another drug dog "alerted on" the package. The inspector obtained a search warrant. When the package was opened, postal inspectors discovered approximately 28 pounds of marijuana inside. The package was then rewrapped in order for the authorities to execute a "controlled delivery."

The package was addressed as follows: "Donna Dale, Rt. 2, Box 91, Radio Station Road, Alma, GA 31510"; however, the Alma postal employees did not know of a person by that name in town, and it was not a valid address. The record showed that defendants John Roscoe and Donna Mixon's address was nearly identical to the incorrect address on the package, except that theirs was Box 191 instead of Box 91. Postal clerk Dana Boatwright Carter testified that Mr. Mixon retrieved a package addressed identically to the one at issue in July 1997. Additionally, Mrs. Mixon had mailed a package to an address in Texas using the name Donna Dale on the express mail slip along with her correct address.

A postal clerk attempted to contact Mrs. Mixon regarding the package but instead located her mother, Mary Alice Carter, and left a message that there was a package at the post office that may belong to her family. Carter went to the post office to retrieve the package, where postal inspector Williams, posing as a mail carrier, showed it to her. Carter called her grandson, Mrs. Mixon's son, defendant Jamie Knight, and he advised her to take the package. At that time, Carter signed for the package, and Williams placed it in the back of her pickup truck.

Law enforcement officers followed Carter as she drove to the Mixon residence from the post office. Carter parked in the driveway, with her truck partially under the attached carport. Defendant Knight, the only person at the residence at the time, came out of the house and looked at the package in the bed of the truck. Knight concluded that it was not the package he was expecting and did not remove it from the truck.

The police officers then approached Carter and Knight, and Officer John Murray ordered a protective sweep of the residence. The officers conducted a sweep of the home, during which they observed marijuana and drug-related paraphernalia. Next, Agent John Blood-

worth of the Southeast Georgia Drug Task Force entered the home. He testified that "I wanted to see what they found before I went [to obtain a search warrant], you know." At the time of the initial protective sweep and the subsequent entry into the home by Agent Bloodworth, a search warrant had not been obtained, and no one had been placed under arrest. Furthermore, the package remained in the bed of the truck where Inspector Williams had placed it. Subsequently, a search warrant was obtained and executed, resulting in the seizure of marijuana and two shotguns. The Mixons, Knight, and Michael Carter, a fourth occupant of the Mixon residence, were arrested.

The court determined that the police officers did not possess a reasonable belief that the Mixons' home harbored an individual posing a danger to them, as required by *Maryland v. Buie*, 494 U. S. 325 (110 SC 1093, 108 LE2d 276) (1990). Accordingly, the trial judge granted the defendants' motion to suppress all evidence seized by virtue of any entry into the Mixon home, and this appeal followed.

When reviewing the grant or denial of a motion to suppress, we apply the clearly erroneous standard. "Unless clearly erroneous, the trial court's rulings on disputed facts and credibility at a suppression hearing must be accepted. . . ." *State v. Williams*, 212 Ga. App. 164, 165 (1) (441 SE2d 501) (1994). "The credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony." *State v. Williams*, 193 Ga. App. 462 (388 SE2d 55) (1989).

We cannot conclude that the trial court's grant of the motion to suppress was clearly erroneous. We have previously held that officers may conduct a protective sweep in connection with an in-home arrest when they possess "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." (Punctuation omitted.) *Inglett,* supra at 525 (1), citing *Maryland v. Buie,* supra at 334. The trial court did not err in concluding that the protective sweep in the case at bar did not comply with the above standard. As a preliminary matter, the sweep was not conducted in connection with an in-home arrest, as none of the defendants had been placed under arrest at the time. In fact, defendant Knight was the only occupant of the residence present during the warrantless sweep.

Furthermore, the trial court was authorized to conclude that the officers did not possess a reasonable belief, based on articulable facts, that the home harbored a dangerous individual. Officer Murray testified that he ordered the protective sweep "to make sure that no one there is standing around, extra bodies in place, and anybody that might do harm to law enforcement officers. At that time we also

make sure they take no steps to destroy any evidence or contents or any damages are done." However, his further testimony established that the officers did not know if anyone else was in the house. Based on the evidence, the trial court concluded that, not only did the officers not possess a reasonable belief that the house contained an individual posing a danger, they did not know whether anyone was in the house at all. Accordingly, because the trial court's ruling was not clearly erroneous, we affirm the grant of the motion to suppress.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 9, 2001.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney, for appellant.*
*George L. Hoyt, Jr., for appellees.*