A02A0289. THE STATE v. FOSSETT.
(560 SE2d 351)

ELLINGTON, Judge.

The State appeals from an order of the trial court granting Daniel Lee Fossett's motion to suppress marijuana evidence seized from his home pursuant to a search warrant. Because the warrant was supported by probable cause, we reverse.

On appeal from an order granting or denying a motion to suppress, the evidence must be construed most favorably to support the trial court's ruling. *State v. Causey*, 246 Ga. App. 829-830 (1) (540 SE2d 696) (2000). "Where the evidence is uncontroverted and no

question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citation and punctuation omitted.) Id. at 830 (1).

The record reveals that police officers responded to a "trouble unknown" call at the Fossett residence on January 11, 2001. When the officers arrived, emergency medical personnel were present and attending to Fossett's wife, who was "passed out on the floor for unknown reasons." The officers noticed the "strong odor of burnt marijuana," and one of the officers mentioned the smell to Fossett. Fossett responded that he and his wife had not been smoking marijuana, but had been "drinking Crown Royal." The officer asked for permission to search the residence, but Fossett refused. The officer left to obtain a search warrant while two other officers remained behind to secure the scene. When the officer returned with the warrant, he and his fellow officers searched the premises and discovered several partially burned, hand-rolled cigarettes and a bag of what appeared to be marijuana.

On cross-examination, the officer testified that his affidavit for a search warrant was based in part on the fact that he smelled the strong odor of marijuana smoke in the residence. He also stated that he had smelled that same odor in the Fossett residence four months earlier when he recovered 101 grams of marijuana pursuant to a consent search. During that previous search, the officer also recovered paraphernalia used in the drug trade.

1. Fossett challenged the search warrant on the basis that the supporting affidavit failed to set forth facts sufficient to establish probable cause to search for marijuana. He contended that the affidavit evidence of a four-month old prior search is "stale" and that the odor of marijuana alone is insufficient to authorize a search of his home. We disagree.

A search warrant will only issue upon facts "sufficient to show probable cause that a crime is being committed or has been committed." OCGA § 17-5-21 (a). The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decision in this case is to determine if the magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a search warrant based on a finding

of probable cause is entitled to substantial deference by a reviewing court.

(Citations and punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 786-787 (7) (493 SE2d 157) (1997). Further, "probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances." (Punctuation omitted.) *Howie v. State*, 218 Ga. App. 45, 46 (1) (459 SE2d 179) (1995). The State's burden of proof is satisfied by the "production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged." *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984); *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996). Since the warrant and supporting affidavit were produced at the hearing, albeit by the defendant, the State's initial burden of production was satisfied. *Bowman v. State*, 205 Ga. App. 347, 348 (422 SE2d 239) (1992). Finally, the resolution of doubtful or marginal cases "should be largely determined by the preference . . . accorded to warrants." (Citation and punctuation omitted.) *Davis v. State*, 266 Ga. at 213.

In this case, the officer swore in his affidavit that when he entered the Fossett residence where Mrs. Fossett lay unconscious, he detected the strong odor of burning marijuana. "The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search." (Footnote omitted.) *Patman v. State*, 244 Ga. App. 833, 835 (537 SE2d 118) (2000). Further, the officer informed the magistrate that he was familiar with the Fossetts and knew from his own personal experience that they had possessed marijuana and the implements of the drug trade. Although that search occurred four months in the past, it did not render the incident "stale" for purposes of this particular warrant. This is because the incident is relevant to show the officer's personal knowledge of Fossett's history of drug possession. This knowledge is a factor which may be taken into account in the magistrate's determination of probable cause. *Caffo v. State*, 247 Ga. 751, 755 (2) (c) (279 SE2d 678) (1981). We conclude that this evidence, given the totality of the circumstances, supports the magistrate's finding of probable cause for the search warrant to issue. Cf. *Bigby v. State*, 250 Ga. App. 529-530 (1) (552 SE2d 129) (2001) (officer had probable cause to arrest based upon odor of burning marijuana and suspect's flight).

2. Fossett also argued that the search warrant was "overly broad" because it included as items to be seized, in addition to marijuana, literature and tools related to growing marijuana and any papers or proceeds pertaining to its sale. The officer testified that he

had searched the Fossett residence before and recovered paraphernalia related to the possession or sale of marijuana, including scales and several bags of marijuana. Given this evidence and the fact that the items listed reasonably may be characterized as instrumentalities, proceeds, or tangible evidence of the crime alleged, we find that the warrant was not defective for listing them. See *Mozier v. State*, 207 Ga. App. 264, 266-267 (1) (b) (427 SE2d 551) (1993).

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 15, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Carole C. Korn, Assistant Solicitor-General*, for appellant.

*Steven M. Reilly*, for appellee.