A03A1816. THE STATE v. CHARLES et al.
(592 SE2d 518)

ADAMS, Judge.

Aaron Raymond Charles and Curran Jared Jackson were indicted for possession of cocaine with intent to distribute and possession of less than one ounce of marijuana in violation of the Georgia Controlled Substances Act. The trial court granted their motions to suppress, and the State appeals.

The evidence at the suppression hearing established the following: Officers Stidd, Haney, and Kellogg from the City of Norcross Police Department responded to a complaint of heavy foot traffic going in and out of Room 316 of a Norcross Suburban Lodge. The officers knocked on the door, and defendant Jackson stepped out of the room. Both Officers Stidd and Haney testified that they detected

the odor of marijuana smoke when the door was opened. Jackson informed the officers the room was his uncle's, his uncle was not there, but someone else was in the room. Defendant Charles exited the room shortly thereafter and, upon questioning, told officers he had smoked marijuana earlier in the day. Both Charles and Jackson refused the officers' request for permission to look into the room stating that the room was not theirs, and they could not give the officers permission. Officer Stidd said he made a decision to do a protective sweep of the room and during that sweep noticed what appeared to be a bag of marijuana sitting on the back of the toilet tank. Although Officer Stidd testified that he decided before the protective sweep to apply for a search warrant, Officer Haney testified that nothing was said about a warrant until after they observed the marijuana during the protective sweep. Officer Haney left and procured a search warrant, and the subsequent search of the room revealed additional contraband, including approximately 25 rocks of crack cocaine which had been placed in the trap compartment of the sink, as well as more marijuana and some scales.

1. The primary issue at the motion to suppress hearing was whether a protective sweep of the premises, in this case a motel room, was authorized. "A 'protective sweep' is a limited search of the [premises] primarily to ensure officer safety by detecting the presence of other occupants. [Cit.]" *State v. Mixon*, 251 Ga. App. 168 (554 SE2d 196) (2001). If the protective sweep was not authorized, then the marijuana observed during the sweep could not be used as a basis for establishing probable cause for the issuance of the warrant.

> [O]fficers may conduct a protective sweep in connection with an in-home arrest when they possess articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

(Citations and punctuation omitted.) Id. at 170.

As was the case in *Mixon*, defendants in this case were not under arrest at the time of the protective sweep. The question then is whether the trial court was authorized to conclude that the officers did not have a reasonable belief, based on articulable facts, that the room harbored a dangerous individual.

As to this issue, the transcript shows that the officers initially spoke with defendant Jackson who stated to the officers that the person who had rented the room was not there, but fully disclosed to officers that there was another individual in the room. That individual, defendant Charles, almost immediately exited the room and was

also cooperative with officers. The officers did not indicate that either defendant appeared threatening in any way, and there was nothing else to indicate that the officers' sweep of the room was authorized by concern for their safety. Under these circumstances, we cannot say that the trial court's rejection of the officer's claim that the protective sweep was authorized out of concern for his safety was clearly erroneous. *State v. Merit*, 262 Ga. App. 687 (586 SE2d 393) (2003); *State v. Mixon*, 251 Ga. App. at 170-171. See also *State v. Schwartz*, 261 Ga. App. 742, 744-745 (1) (583 SE2d 573) (2003).

2. The State further argues that even if the protective sweep was unlawful and the observation of marijuana in the room during the sweep is not considered in determining whether there was probable cause for issuance of the search warrant, sufficient facts were known to the officers preceding the protective sweep to establish probable cause to obtain the search warrant. Specifically, the State points to the officers' observations that they smelled marijuana smoke when the door to the room was opened and that defendant Charles admitted smoking marijuana earlier in the day. Relying on cases involving automobile searches, the State argues that Georgia appellate courts have clearly held that the odor of marijuana emanating from a car, in and of itself, provides a law enforcement officer with a reasonable suspicion that marijuana is present. The State is correct that this Court has previously held "that a trained police officer's perception of the odor of burning marijuana, provided his ability to identify that odor is placed into evidence, constitutes sufficient probable cause to support the warrantless search of a vehicle." *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999). This Court subsequently clarified, however, that

> the fact that the smell of burning marijuana establishes probable cause for the search of a car does not mean that such odor, standing alone, will justify a search in other contexts. Moreover, the odor of burning marijuana suggests that marijuana is still present, whereas the smell of marijuana smoke merely suggests that marijuana was present in the past.

(Footnote omitted.) *Patman v. State*, 244 Ga. App. 833, 835 (537 SE2d 118) (2000). But "[t]he odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, probable cause exists to authorize the issuance of a search warrant." *Shivers v. State*, 258 Ga. App. 253, 257 (573 SE2d 494) (2002). *Patman*, 244 Ga. App. at 835.

According to the affidavit supporting the issuance of the warrant, the officers detected a "slight odor of burned marijuana" when

the door opened. The evidence did not indicate the odor was strong or that the marijuana odor suggested to the officers that marijuana was being consumed when they arrived. And there was no evidence that the officers detected the odor of marijuana smoke on either defendant while they were being interviewed outside the room, or that either defendant appeared to be under the influence of marijuana. Compare *Taylor v. State*, 254 Ga. App. 150 (1) (561 SE2d 833) (2002) (denial of motion to suppress upheld where smell of marijuana emanating from apartment and detected on clothes of occupants when officers responded to call that marijuana was being smoked in the building); *State v. Fossett*, 253 Ga. App. 791, 792-793 (1) (560 SE2d 351) (2002) (probable cause established by strong odor of burning marijuana inside home).

The State, however, also points to defendant Charles's statement to officers that he hád smoked marijuana earlier that day. Because marijuana is a consumable product, this Court has previously recognized that an admission that marijuana had been used in the past may be insufficient to show that marijuana may currently be on the premises. *Shivers*, 258 Ga. App. at 257. In this case, as stated above, there was no evidence that the odor of marijuana was detected on either defendant, that either defendant appeared to be under the influence of marijuana, or that the odor emanating from the room was from current marijuana use. And neither defendant admitted to officers that there was marijuana in the room. Compare *Binkley v. State*, 255 Ga. App. 313, 314 (566 SE2d 31) (2002) (officers detected strong odor of burning marijuana about or coming from residence, and defendant smelled of marijuana, had red, glassy eyes, and admitted to officers there was marijuana inside the residence). The trial court's determination that the evidence known to the officers prior to the observation of contraband during the protective sweep was insufficient to establish probable cause for issuance of the warrant must be affirmed under the facts of this case.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 19, 2003.

*Daniel J. Porter, District Attorney, Julie L. Johnson, Assistant District Attorney*, for appellant.

*Giddens, Davidson & Mitchell, Earl A. Davidson, Anna Blitz*, for appellees.