**March 30, 2015**

# In the Court of Appeals of Georgia

A14A2046. THE STATE v. KAZMIERCZAK

RAY, Judge.

Peter Joseph Kazmierczak was charged by accusation with possession of marijuana with intent to distribute and manufacturing marijuana (OCGA § 16-13-30 (j) (1)). Kazmierczak filed a motion to suppress the evidence, contending that the search of his residence was illegal because it was conducted under a search warrant that was issued solely based upon the strong odor of marijuana that police detected when they visited the home. The trial court granted the motion to suppress in reliance on precedent from this Court which supported the defendant's position. The State appeals, contending that our previous rulings were incorrect to hold that the detection of odor of drugs alone could not provide a legal basis for the issuance of a search warrant. Because we agree, we reverse and remand this case to the trial court.

Viewing the evidence in the light most favorable to uphold the trial court's findings and judgment, *Henson v. State*, 314 Ga. App. 152, 153 (723 SE2d 456) (2012), the record shows that on February 6, 2013, law enforcement officers assigned to the Marietta-Cobb-Smyrna Narcotics Unit went to Kazmierczak's residence to conduct a "knock and talk" after receiving a complaint that the residence was being used to manufacture marijuana. While three of the officers remained out of sight, two of the officers approached the house and knocked on the front door. An adult female came to the door and told the two officers to go to the garage, and they complied.

When the officers entered the garage, they detected the odor of raw marijuana. The female, later identified as Kazmierczak's mother, greeted the officers in the garage and asked them to wait there for a second while she secured a large dog. Upon her return, the officers explained to her that they had received a complaint about marijuana manufacturing taking place at the residence, and they asked about the whereabouts of Kazmierczak. She told the officers that her son was not there and asked them if she could help them with anything, stating that she was the owner of the residence. The officers then asked her if they could come inside, and she consented. Immediately upon entering the residence, the officers detected a stronger, "overwhelming" odor of raw marijuana.

2

Based on this odor and without venturing further into the residence, the officers decided to seek a search warrant. Two officers remained in the entryway of the residence while they waited for the search warrant, and no search of the residence was conducted prior to the issuance of the search warrant.[1]

The affidavit for the search warrant indicated that the probable cause for the warrant was based solely on the narcotics officers' detection of the strong odor of raw marijuana inside the residence. The affidavit further indicated that the officers detected the odor during the "knock and talk" investigation concerning possible drug activity at the residence. The affidavit also set forth the training and experience of the narcotics officers who were involved in the warrant application. Finding these facts to be sufficient to establish probable cause to believe that marijuana could be found on the premises, a magistrate judge issued a search warrant for Kazmierczak's residence.[2]

---

[1] Although three other officers conducted a protective sweep of the residence while they were waiting for the search warrant to be issued, those officers were not involved in the warrant application process nor did they supply any information that was used in the affidavit for the search warrant.

[2] When the officers executed the search warrant, they found several hundred grams of raw marijuana in bags or containers inside the residence, as well as two marijuana plants in the garage. In one room of the house, officers also found a ventilation hole cut in the ceiling and various pieces of equipment that could be used to facilitate a marijuana growing operation.

Following a hearing on Kazmierczak's motion to suppress, the trial court concluded that the odor of marijuana alone could not serve as the basis for the search warrant of the residence. As a result, the trial court found that the search warrant was issued without the requisite showing of probable cause, and it suppressed the evidence seized from the subsequent search. The State appeals from the trial court's ruling.

In *State v. Palmer*, 285 Ga. 75 (673 SE2d 237) (2009), our Supreme Court described the standards applicable to the various levels of judicial scrutiny involved in the warrant process. A magistrate determines if probable cause exists to issue a warrant by making

> a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The trial court may then examine the issue as a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the principle that substantial deference must be accorded a magistrate's decision to issue a search warrant based on a finding of probable cause. . . . Our appellate courts will review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis . . . to determine if the magistrate had a substantial basis for concluding that

4

probable cause existed to issue the search warrant. . . . In reviewing the trial court's grant or denial of a motion to suppress, we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review, keeping in mind that a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.

(Citations and punctuation omitted.) Id. at 77-78.

The State asserts that the trial court erred in granting the motion to suppress by ruling that the odor of marijuana alone cannot establish the requisite probable cause for the issuance of a search warrant for a residence. We agree, but acknowledge that the case law cited by the trial court supports its ruling. Obviously, then, over the years we have issued opinions that misapplied the law in this area, or have been misinterpreted, and must now correct our rulings.

In *Clare v. State*, 135 Ga. App. 281 (217 SE2d 638) (1975), we held that "[t]he odor of marijuana smoke is not, in and of itself, sufficient to afford probable cause for a warrantless search, but it may be considered and may be a part of a totality of circumstances sufficient to validate [a warrantless search]." (Citation omitted.) Id. at 283 (2). We further acknowledged that, while odors alone cannot authorize a

5

warrantless search, such odors may form a proper basis for the issuance of a search warrant. Id. Accord *Johnson v. U. S.*, 333 U. S. 10, 13 (I) (68 SCt 367, 92 LEd 436) (1948) (while the presence of odors is insufficient to authorize a warrantless search, proper evidence of the presence of odors may be sufficient to justify the issuance of a search warrant).

In *State v. Folk*, 238 Ga. App. 206 (521 SE2d 194) (1999), we considered the issue of whether the odor of burning marijuana, standing alone, could constitute sufficient probable cause to support a warrantless search of an automobile. Recognizing that "the 'automobile exception' to the warrant requirement of the Fourth Amendment applies to the search of a vehicle when probable cause exists to believe it contains contraband[,]" as well as the fact that the presence of an odor may be sufficient to establish probable cause, we held that a trained police officer's detection of the odor of burning marijuana emanating from the interior of a vehicle constituted sufficient probable cause to support the warrantless search of a vehicle. Id. at 208.

In *Patman v. State*, 244 Ga. App. 833 (537 SE2d 118) (2000), we then considered the issue of whether the odor of marijuana, by itself, could establish probable cause for a warrantless search of a person. Id. at 833. In our analysis of that

6

issue, we acknowledged that our holding in *Folk*, supra, authorized a warrantless search of a vehicle based solely on the odor of marijuana, but we found that there is "a lesser expectation of privacy in one's automobile than in other contexts such as one's [person,] home[,] or office." (Footnote omitted.) Id. at 835. Accordingly, we held that the fact that the odor of marijuana establishes probable cause for the warrantless search of a vehicle "does not mean that such an odor, standing alone, will justify a [warrantless] search in other contexts[,]" such as a person's residence.[3] Id. In so holding, we did not intend to imply that the odor of marijuana alone could not establish probable cause for the issuance of a search warrant. Rather, the intent of our holding in *Patman* was to point out that a search of one's person, home, or office based solely on the odor of marijuana could not be made without a warrant, absent exigent circumstances which would justify a warrantless search. See *Clare*, supra at 283-284 (2). Our decision in *Patman* did not have any bearing on whether such an odor, by itself, would be sufficient to justify the issuance of a search warrant.

The seeds that later grew into our misapplication of the law seem to have been planted in *Shivers v. State*, 258 Ga. App. 253 (573 SE2d 494) (2002). In this case, we

---

[3] In support of this finding, we cited *Clare*, supra, which held that odor of marijuana, by itself, does not justify a warrantless search of a residence. *Patman*, supra at 835, n. 16.

7

reversed the conviction of a defendant who was encountered by police outside his home smelling of burnt marijuana, such fact which was used to obtain a warrant to search his home. We acknowledged that the odor of marijuana is one factor that may be considered in determining whether, under the circumstances, probable cause exists to authorize the issuance of a search warrant. See *State v. Fossett*, 253 Ga. App. 791, 793 (1) (560 SE2d 351) (2002), citing *Patman*, supra; *State v. Charles*, 264 Ga. App. 874, 876 (2) (592 SE2d 518) (2003), citing *Shivers*, supra and *Patman*, supra. However, we found that the smell of burnt marijuana on the defendant outside his residence did not establish that it was smoked in or could be found inside the home.[4] Eventually, this principle, that the presence of odors is merely one factor that should be considered along with other factors in determining whether under the totality of the circumstances probable cause exists to authorize the issuance of a search warrant,[5] evolved into a pronouncement that there must be more than just the smell of the drugs

---

[4] We found important that there was no averment that the odor of burnt marijuana was emanating from anywhere other than the defendant's person, that he had recently exited the house, or that the marijuana was there or had recently been burned at the house.

[5] *See Boldin v. State*, 282 Ga. App. 492, 495 (2) (639 SE2d 522) (2006), citing *Charles*, supra, *Shivers*, supra, and *Fossett*, supra; *Martinez-Vargas v. State*, 317 Ga. App. 232, 237 (1) (730 SE2d 633) (2012), citing *Pando*, 284 Ga. App. 70 (643 SE2d 342) (2007), *Boldin*, supra, and *Fossett*, supra.

8

to justify the issuance of a search warrant. *State v. Pando*, 284 Ga. App. 70, 76-77 (2) (a) (643 SE2d 342) (2007) citing *Charles*, supra and *Patman*, supra. Thus, our misapplication of the law was complete.

This faulty premise has had the effect of establishing two different standards for probable cause based on the presence of distinctive odors – one standard for a warrantless search of a vehicle where the presence of such odors alone would be sufficient probable cause, see *Folk*, supra, and another, more stringent standard for the issuance of a search warrant where the presence of such odors alone would be insufficient to establish probable cause, see *Shivers*, supra and its progeny. This double standard violates the well established principle that a warrantless search of a vehicle under the automobile exception must be based on the same degree of probable cause that would otherwise be sufficient for the issuance of a search warrant. See *California v. Carney*, 471 U. S. 386, 394 (III) (105 SCt 2066, 85 LE2d 406) (1985) (The validity of a warrantless search under the automobile exception is determined according to the same standard used by a magistrate in deciding to issue a search warrant, "only the prior approval of the magistrate is waived; the search otherwise must be such as the magistrate could authorize") (punctuation and citation omitted.); *United States v. Ross*, 456 U. S. 798, 809 (II) (102 SCt 2157, 72 LE2d 572) (1982)

(A warrantless search under the automobile exception based on probable cause "is not unreasonable if based on facts that would justify the issuance of a warrant") (footnote omitted). Accord *State v. Lejeune*, 276 Ga. 179, 183 (2) (576 SE2d 888) (2003). As the law in Georgia is clear that the odor of marijuana alone may constitute sufficient probable cause to justify a warrantless search of a vehicle, *Folk*, supra, it follows that such an odor alone would likewise be sufficient to justify the issuance of a search warrant.

Notably, there are a number of decisions from federal and other state jurisdictions holding that the odor of marijuana by itself can provide sufficient probable cause for the issuance of a search warrant. See *U. S. v. Friskey*, 2014 WL 6698807, *1 (II) (6), *6 (III) (F) (E.D. Ky.), decided November 26, 2014 (strong odor of marijuana inside residence was, by itself, a sufficient basis for issuance of search warrant); *United States v. Charles*, 29 Fed. Appx. 892, 895-896 (II) (3rd Cir. 2002) (odor of growing marijuana that was noticeable when the defendant opened the door by itself provided probable cause for issuance of search warrant); *United States v. Elkins*, 300 F.3d 638, 659 (VI) (6th Cir. 2002) (odor of marijuana could be sufficient by itself to establish probable cause for a search of a vehicle, and "[t]he same may be true when marijuana is smelled within a home") (citations omitted.); *State v. Hughes*,

___ N. C. App. ___, *3-4 (III) (763 SE2d 928) (2014) (odor of marijuana emanating from residence, standing alone, provided probable cause for the issuance of a search warrant); *State v. Ojeda*, 147 So.3d 53, 65 (Fla. Dist. Ct. App., 2014) (finding the smell of marijuana through an open door was sufficient to establish probable cause for a search warrant); *State v. Roman*, 103 So.3d 922, 925-926 (Fla. Dist. Ct. App., 2012) (same); *State v. Pereira*, 967 So.2d 312, 314 (Fla. Dist. Ct. App., 2007) (anonymous tip coupled with officers' detection of marijuana odor emanating from residence provided sufficient probable cause to support the issuance of a search warrant); *State v. Watts*, 801 N.W.2d 845, 854 (III) (B) (Iowa 2011) (odor of marijuana emanating from apartment provided sufficient probable cause for the issuance of a search warrant); *State v. Cole*, 906 P.2d 925, 941 (2) (128 Wash.2d 262) (1995) (smell of growing marijuana, by itself, sufficient to establish probable cause for search warrant); *State v. Olson*, 869 P.2d 110, 114-115 (I) (A) (73 Wash. Ct. App. 348) (1994) (odor of marijuana emanating from building and mobile home was, by itself, sufficient to constitute probable cause for search warrant). Suffice it say, we find these authorities persuasive.

Based on the foregoing cases, it appears to be widely accepted in numerous jurisdictions that a trained police officer's detection of the odor of raw marijuana can

11

be the sole basis for the issuance of a search warrant, and we see no legitimate reason why Georgia should refrain from following this rationale. A magistrate would still be required to consider "all the circumstances set forth in the affidavit[,]" see *Palmer*, supra at 77, in determining whether probable cause exists to issue a search warrant based on the presence of such an odor. Specifically, the magistrate could consider whether the affidavit establishes that the officer was qualified to recognize the odor based on his or her training and experience, whether the officer was able to determine the particular location where the odor was originating from, and whether the officer detected the odor from a place where he or she was legally entitled to be. Accordingly, we see no reason to adhere to the premise that an odor of marijuana is insufficient to justify the issuance of a search warrant. Indeed, the presence of odors may be "evidence of the most persuasive character[,]" *Johnson*, supra at 13 (I), and it would be reasonable for a trained police officer to infer from his detection of the distinctive odor of raw marijuana emanating from a particular place that marijuana will be found in that place. See *McClain v. State*, 267 Ga. 378, 388 (11) (477 SE2d 814) (1996) ("An officer's inference that items sought will be at the place to be searched requires no more than 'a fair presumption' to be reasonable") (citation omitted).

12

For the above reasons, we hold that if the affidavit for the search warrant contains sufficient information for a magistrate to determine that the officer who detected the odor of marijuana emanating from a specified location is qualified to recognize the odor, the presence of such an odor may be the sole basis for the issuance of a search warrant. See *Johnson*, supra at 13 (I); *Clare*, supra. To the extent that our holdings in *Patman v. State*, 244 Ga. App. 833 (537 SE2d 118) (2000)*, Shivers v. State*, 258 Ga. App. 253 (573 SE2d 494) (2002), *State v. Fossett*, 253 Ga. App. 791 (560 SE2d 351) (2002), *State v. Charles*, 264 Ga. App. 874 (592 SE2d 518) (2003), *Boldin v. State*, 282 Ga. App. 492 (639 SE2d 522) (2006), and *Martinez-Vargas v. State*, 317 Ga. App. 232 (730 SE2d 633) (2012), could be interpreted as support for the premise that the odor of raw marijuana emanating from a particular location cannot be the sole basis for the issuance of a search warrant for that location, such interpretations are hereby disapproved. To the extent that, *State v. Pando*, 284 Ga. App. 70 (643 SE2d 342) (2007), holds that the presence of odors can never be the sole basis for the issuance of a search warrant, it is overruled.

*Judgment reversed and case remanded. Andrews, P. J., Barnes, P. J., Miller, Dillard, McFadden, Boggs, Branch, McMillian, JJ., concur. Doyle, P. J., Concurs specially and in the judgment. Phipps, C. J., and Ellington, P. J., dissent.*

13

A14A2046. THE STATE v. KAZMIERCZAK.

DOYLE, Presiding Judge.

I concur specially and in the judgment. I agree with the majority that this case should be reversed because the affidavit for the search warrant contained sufficient information for the issuance of a search warrant based upon "a strong[], overwhelming odor of raw marijuana" smelled by the officers upon entering the residence. I also agree with the majority that *State v. Pando*[1] should be overruled. Nevertheless, I write specially because I do not agree that it is necessary to disapprove the other cases cited by the majority.

---

[1] 284 Ga. App. 70, 76-77 (2) (a) (643 SE2d 342) (2007).

A14A2046. THE STATE v. KAZMIERCZAK.

PHIPPS, Chief Judge.

I believe that the majority has improperly disapproved and/or overruled Georgia case law. I further believe that, when the circumstances underlying this case are viewed under standards recently reiterated by the Supreme Court of Georgia and under Georgia's long-established and sound rule that the odor of marijuana is a factor to be considered amongst the totality of the circumstances when determining whether probable cause existed, the trial court correctly ruled on the suppression motion. For these, and other reasons set forth below, I dissent.

In *State v. Palmer*,[1] the Supreme Court of Georgia reiterated the standards applicable to various levels of judicial scrutiny involved in the warrant process:

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying

_____

[1] 285 Ga. 75 (673 SE2d 237) (2009).

hearsay information, there is a fair probability that contraband or evidence of a crime will be *found in a particular place*.[2]

"The trial court may then examine the issue as a first level of review"; and the "appellate courts will review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis. . . ."[3]

Contrary to the majority's stated basis for disapproving or overruling *Shivers v. State*,[4] *State v. Fossett*,[5] *Patman v. State*,[6] and *State v. Charles*,[7] these cases do not hold, nor are they fairly "interpreted as support for the premise that the odor of raw marijuana emanating from a particular location cannot be the sole basis for the issuance of a search warrant for that location." Rather, in accordance with the standards reiterated in *Palmer*, these cases were decided under Georgia's long-established and sound rule that the odor of marijuana may be considered in

---

[2] Id. at 77-78 (citations omitted, emphasis supplied).

[3] Id. at 78 (citations omitted).

[4] 258 Ga. App. 253 (573 SE2d 494) (2002).

[5] 253 Ga. App. 791 (560 SE2d 351) (2002).

[6] 244 Ga. App. 833 (537 SE2d 118) (2000).

[7] 264 Ga. App. 874 (592 SE2d 518) (2003).

determining whether, under the totality of the circumstances, probable cause existed

to authorize the issuance of a search warrant.[8]

Moreover, each of these cases is distinguishable from the instant case. In

*Shivers*, as the majority acknowledges,[9] we explicitly pointed out that there was *no*

evidence that the odor of marijuana had been emanating from the particular place

---

[8] Id. at 876 (2) ("[T]he odor or marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, probable cause exists to authorize the issuance of a search warrant.") (citations and punctuation omitted); *Shivers*, supra at 257 ("The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, probable cause exists to authorize the issuance of a search warrant.") (footnote omitted); *Patman*, supra at 835 ("The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search.") (footnote omitted); *Fossett*, supra at 793 (1) ("The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search.") (citation and punctuation omitted).

[9] Supra at n. 4.

sought to be searched.[10] Thus, *Shivers* was correctly decided[11] – as the majority

recognizes, a requisite component for a finding of probable cause is a showing of "the

odor of marijuana emanating *from a specified location*."[12] There is no basis to

disapprove or overrule *Shivers*, as that case is firmly planted in binding precedent

from this state's High Court.[13]

Nor is there any basis to disapprove or overrule *Charles*, *Fossett*, or *Patman*.

Each case was correctly decided given its underlying facts, and each case is

distinguishable from the instant one.[14]

---

[10] *Shivers*, supra at 256-257 (citing testimony that police officers "stopped by" the defendant's house when "[the defendant] was out at his house and [police officers] pulled up talking to him"; explaining that "[t]he odor of burnt marijuana on [the defendant's] person . . . failed to establish probable cause that marijuana had been smoked or burned or would be found within Shivers's house or its curtilage. There was no averment that the odor of burnt marijuana was emanating from anywhere other than [the defendant's] person, that [the defendant] had recently exited his house, or that marijuana was then or had recently been burned anywhere at his residence.") (footnote omitted).

[11] See *Palmer*, supra at 77.

[12] Supra at __ (emphasis supplied).

[13] See *Palmer*, supra (requiring "a fair probability that contraband or evidence of a crime will be *found in a particular place*") (citations omitted; emphasis supplied); *Shivers*, supra at 254 (same).

[14] *Charles*, supra at 876-877 (2) (concerning police officers' detection of the odor of marijuana *smoke*; reiterating that "the smell of marijuana smoke merely

4

Contrary to the majority's stated basis for disapproving or overruling *Martinez-Vargas v. State*[15] and *Boldin v. State*,[16] these cases do not hold, nor are they fairly "interpreted as support for the premise that the odor of raw marijuana emanating from a particular location cannot be the sole basis for the issuance of a search warrant for that location." Moreover, these cases are distinguishable. Unlike the instant case, both *Martinez-Vargas* and *Boldin* presented for a probable-cause determination the

---

suggests that marijuana was present in the past"; and noting that the evidence did not indicate that the odor was strong or that the odor suggested to the officers that marijuana was being consumed when they arrived; noting that there was no evidence that the officers detected marijuana smoke on either defendant; or that either defendant appeared to be under the influence of marijuana); *Fossett*, supra (holding that the totality of the circumstances – the officer's detection of the strong odor of burning marijuana when he entered the defendant's residence *and* the fact that the officer was familiar with the residents and knew from his own personal experience that they had recently possessed marijuana and drug trade implements – supported the magistrate's finding of probable cause for issuance of a warrant to search the residence); *Patman*, supra (explaining that the "[police officer] smelled marijuana on [defendant], which gave rise to reasonable suspicion that he had recently smoked marijuana. [Police officer] then patted [defendant] and felt what he believed to be packages of marijuana in [defendant's] pocket. When he asked [defendant] what was in the pocket, [defendant's] request to 'let [him] slide' suggested that he had something incriminating in his pocket. Taken together, the circumstances established probable cause to search [defendant].").

[15] 317 Ga. App. 232 (730 SE2d 633) (2012).

[16] 282 Ga. App. 492 (639 SE2d 522) (2006).

5

presence of an odor, *together with other evidence*;[17] and both cases correctly applied

the law to their underlying facts.[18]

Contrary to the majority's stated basis for disapproving or overruling *State v.*

*Pando*,[19] that case contains no such broad, per se holding that "the presence of odors

*can never be the sole basis* for the issuance of a search warrant."[20] That case made no

---

[17] *Martinez-Vargas*, supra at 238 (1) (explaining that the fact that the officer was standing in close proximity to the residence when he smelled the raw marijuana, coupled with the drug evidence found in the trash two days earlier, was sufficient to establish probable cause to search the residence); *Boldin*, supra at 493-495 (2) (concluding that the trial court correctly ruled that officer had probable cause to suspect that contraband was inside the defendant's residence, where upon officer's exit of his car approximately 20 feet from the threshold of the defendant's open garage door, the officer immediately smelled the odor of burning marijuana, which smell became stronger as the officer walked toward the garage door; where the defendant then "scooped up a trash bag off the floor in his arm and took off running into the house and slammed the door"; and where some items then fell out of the garbage bag onto the floor, including a gallon zip-loc bag that appeared to contain marijuana residue).

[18] *Martinez-Vargas*, supra at 237(1) ("While the odor of marijuana alone might be insufficient to provide probable cause for the search of a residence, it can serve as one of the factors, under the totality of the circumstances, that will support a finding of probable cause.") (citations omitted); *Boldin*, supra at 495 (2) ("Although the odor of marijuana may not suffice by itself to provide probable cause for the search of a residence, the odor of burning marijuana is one of the factors which, under the totality of the circumstances, will support a finding of probable cause.") (footnotes omitted).

[19] 284 Ga. App. 70 (643 SE2d 342) (2007).

[20] Supra at __ (emphasis supplied).

attempt to predict any and all possible future sets of circumstances. Instead, it expressly invoked the rule that the odor of marijuana is to be considered amongst the totality of the circumstances.[21] *Pando*, like all the other cases, was correctly decided using the totality of the circumstances analysis.[22]

Because *Shivers*, *Charles*, *Patman*, *Fossett*, *Boldin*, *Martinez-Vargas*, and *Pando* did not make the holdings ascribed to them by the majority, because they correctly invoked the applicable standards and principles, because they analyzed their respective underlying circumstances to reach a correct result, and/or because they are readily distinguishable from the instant case and thus not implicated here, there is no proper basis for disapproving or overruling them. "[T]he rule of stare decisis is a wholesome one."[23] While "stare decisis should not be applied to the extent that an error in the law is perpetuated,"[24] the majority has pointed to nothing constituting an

---

[21] *Pando*, supra at 76-77 (2) (a) ("[T]he odor of marijuana may be considered as part of the totality of circumstances in determining whether there is sufficient probable cause to support a search warrant.") (citation omitted).

[22] *Palmer*, supra.

[23] *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (citations and punctuation omitted).

[24] *Smith v. Baptiste*, 287 Ga. 23, 25 (1) (694 SE2d 83) (2010); see *Harper*, supra.

7

erroneous statement of the law of Georgia. I cannot go along with disapproving and/or overruling Georgia's case law in such manner.

Furthermore, I believe that the holding articulated today by the majority – "[I]f the affidavit for the search warrant contains sufficient information for a magistrate to determine that the officer who detected the odor of marijuana emanating from a specified location is qualified to recognize the odor, the presence of such an odor may be the sole basis for the issuance of a search warrant."[25] – goes astray from well-established standards applicable to various levels of judicial scrutiny involved in the warrant process.[26] Moreover, it can only convolute the longstanding and sound rule of law that the odor of marijuana be considered amongst the totality of the circumstances when undergoing a probable-cause analysis.

The circumstances presented by this case – when considered under the standards reiterated in *Palmer*[27] and under Georgia's long-established rule concerning

---

[25] *Supra* at __.

[26] See, e.g., *Palmer*, supra at 77 ("The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.") (citations and punctuation omitted).

[27] *Supra*.

the odor of marijuana – show that the trial court did not err in concluding that the averment that officers had detected the odor of raw marijuana emanating from the residence did not establish probable cause for the issuance of a warrant to search the residence.[28] As the majority concedes, "[t]he trial court granted the motion to suppress in reliance on precedent from this Court *which supported the defendant's position.*"[29]

Neither the federal cases cited nor the state cases cited by the majority control this issue in Georgia.

For these reasons, I dissent.

I am authorized to state that Presiding Judge Ellington joins in this dissent.

---

[28] See *Pando*, supra at 77 (2) ("[L]one statement that the officers smelled [fresh] marijuana when the defendants opened the door was insufficient to establish probable cause for a search warrant for [defendant's] residence.") (citation omitted); see generally *Davis v. State*, 262 Ga. 578, 584 (4) (422 SE2d 546) (1992) (neither criticizing the police, nor praising the appellant; rather, "acknowledg[ing] the right of privacy in one's home").

[29] Supra at ___ (emphasis supplied).