PHIPPS, Chief Judge,
dissenting.
I believe that the majority has improperly disapproved and/or overruled Georgia case law. I further believe that, when the circumstances underlying this case are viewed under standards recently reiterated by the Supreme Court of Georgia and under Georgia’s long-established and sound rule that the odor of marijuana is a factor to be considered amongst the totality of the circumstances when *824 determining whether probable cause existed, the trial court correctly ruled on the suppression motion. For these, and other reasons set forth below, I dissent.
In State v. Palmer,[7] the Supreme Court of Georgia reiterated the standards applicable to various levels of judicial scrutiny involved in the warrant process:
The magistrate’s task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place[8]
“The trial court may then examine the issue as a first level of review”; and the “appellate courts will review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis. . . .”[9]
Contrary to the majority’s stated basis for disapproving or overruling Shivers v. State,[10] State v. Fossett, [11] Patman v. State[12] and State v. Charles,[13] these cases do not hold, nor are they fairly “interpreted as support for the premise that the odor of raw marijuana emanating from a particular location cannot be the sole basis for the issuance of a search warrant for that location.” Rather, in accordance with the standards reiterated in Palmer, these cases were decided under Georgia’s long-established and sound rule that the odor of marijuana may be considered in determining whether, under the totality of the circumstances, probable cause existed to authorize the issuance of a search warrant.[14]
*825 Moreover, each of these cases is distinguishable from the instant case. In Shivers, as the majority acknowledges,[15] we explicitly pointed out that there was no evidence that the odor of marijuana had been emanating from the particular place sought to be searched.[16] Thus, Shivers was correctly decided[17] — as the majority recognizes, a requisite component for a finding of probable cause is a showing of “the odor of marijuana emanating from a specified location.”[18] There is no basis to disapprove or overrule Shivers, as that case is firmly planted in binding precedent from this state’s High Court.[19]
Nor is there any basis to disapprove or overrule Charles, Fossett, or Patman. Each case was correctly decided given its underlying facts, and each case is distinguishable from the instant one.[20]
Contrary to the majority’s stated basis for disapproving or overruling Mart inez-Vargas v. Síaíe[21] and Boldin v. State,[22] these cases do *826 not hold, nor are they fairly “interpreted as support for the premise that the odor of raw marijuana emanating from a particular location cannot be the sole basis for the issuance of a search warrant for that location.” Moreover, these cases are distinguishable. Unlike the instantcase, both Martinez-Vargas and Boldin presented for a probable-cause determination the presence of an odor, together with other evidence;[23] and both cases correctly applied the law to their underlying facts.[24]
Contrary to the majority’s stated basis for disapproving or overruling State v. Pando [25] that case contains no such broad, per se holding that “the presence of odors can never be the sole basis for the issuance of a search warrant.”[26] That case made no attempt to predict any and all possible future sets of circumstances. Instead, it expressly invoked the rule that the odor of marijuana is to be considered amongst the totality of the circumstances.[27] Pando, like all the other cases, was correctly decided using the totality of the circumstances analysis.[28]
Because Shivers, Charles, Patman, Fossett, Boldin, Martinez-Vargas, and Pando did not make the holdings ascribed to them by the majority, because they correctly invoked the applicable standards and principles, because they analyzed their respective underlying circumstances to reach a correct result, and/or because they are readily distinguishable from the instant case and thus not implicated *827 here, there is no proper basis for disapproving or overruling them. “[T]he rule of stare decisis is a wholesome one.”[29] While “stare decisis should not be applied to the extent that an error in the law is perpetuated,”[30] the majority has pointed to nothing constituting an erroneous statement of the law of Georgia. I cannot go along with disapproving and/or overruling Georgia’s case law in such manner.
Furthermore, I believe that the holding articulated today by the majority —• “[I]f the affidavit for the search warrant contains sufficient information for a magistrate to determine that the officer who detected the odor of marijuana emanating from a specified location is qualified to recognize the odor, the presence of such an odor may he the sole basis for the issuance of a search warrant.”[31] — goes astray from well-established standards applicable to various levels of judicial scrutiny involved in the warrant process.[32] Moreover, it can only convolute the longstanding and sound rule of law that the odor of marijuana be considered amongst the totality of the circumstances when undergoing a probable-cause analysis.
The circumstances presented by this case — when considered under the standards reiterated in Palmer[33] and under Georgia’s long-established rule concerning the odor of marijuana — show that the trial court did not err in concluding that the averment that officers had detected the odor of raw marijuana emanating from the residence did not establish probable cause for the issuance of a warrant to search the residence.[34] As the majority concedes, “[t]he trial court granted the motion to suppress in reliance on precedent from this Court which supported the defendant’s position."[35]
Neither the federal cases cited nor the state cases cited by the majority control this issue in Georgia.
*828 Decided March 30, 2015
D. Victor Reynolds, District Attorney, Daniel J. Quinn, Assistant District Attorney, for appellant.
Dupree & Kimbrough, Hylton B. Dupree, Jr., Blake R. Carl, for appellee.
For these reasons, I dissent.
I am authorized to state that Presiding Judge Ellington joins in this dissent.

 285 Ga. 75 (673 SE2d 237) (2009).

 Id. at 77-78 (citations and punctuation omitted; emphasis supplied).

 Id. at 78 (citations omitted).

 258 Ga. App. 253 (573 SE2d 494) (2002).

 253 Ga. App. 791 (560 SE2d 351) (2002).

 244 Ga. App. 833 (537 SE2d 118) (2000).

 264 Ga. App. 874 (592 SE2d 518) (2003).

 Id. at 876 (2) (“[T]he odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, probable cause exists to authorize the issuance of a search warrant.”) (citations and punctuation omitted); Shivers, supra at 257 (“The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, probable cause exists to authorize the issuance of a search warrant.”) (footnote omitted); Patman, supra at 835 (“The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search.”) (footnote omitted); *825 Fossett, supra at 793 (1) (“The odor of marijuana is one factor that may he considered in determining whether, under the totality of the circumstances, an officer had probable cause to institute a search”) (citation and punctuation omitted).

 Supra at n. 4.

 Shivers, supra at 256-257 (citing testimony that police officers “stopped by” the defendant’s house when “[the defendant] was out at his house and [police officers] pulled up talking to him”; explaining that “[t]he odor of burnt marijuana on [the defendant’s] person... failed to establish probable cause that marijuana had been smoked or burned or would be found within Shivers’s house or its curtilage. There was no averment that the odor of burnt marijuana was emanating from anywhere other than [the defendant’s] person, that [the defendant] had recently exited his house, or that marijuana was then or had recently been burned anywhere at his residence.”) (footnote and emphasis omitted).

 See Palmer, supra at 77.

 Supra at 823 (emphasis supplied).

 See Palmer, supra (requiring “a fair probability that contraband or evidence of a crime will be found in a particular place”) (citations omitted; emphasis supplied); Shivers, supra at 254 (same).

 Charles, supra at 876-877 (2) (concerning police officers’ detection of the odor of marijuana smoke; reiterating that “the smell of marijuana smoke merely suggests that marijuana was present in the past”; and noting that the evidence did not indicate that the odor was strong or that the odor suggested to the officers that marijuana was being consumed when they arrived; noting that there was no evidence that the officers detected marijuana smoke on either defendant; or that either defendant appeared to be under the influence of marijuana); Fossett, supra (holding that the totality of the circumstances - the officer’s detection of the strong odor of burning marijuana when he entered the defendant’s residence and the fact that the officer was familiar with the residents and knew from his own personal experience that they had recently possessed marijuana and drug trade implements — supported the magistrate’s finding of probable cause for issuance of a warrant to search the residence); Patman, supra (explaining that the “[police officer] smelled marijuana on [defendant], which gave rise to reasonable suspicion that he had recently smoked marijuana. [Police officer] then patted [defendant] and felt what he believed to be packages of marijuana in [defendant’s] pocket. When he asked [defendant] what was in the pocket, [defendant’s] request to ‘let [him] slide’ suggested that he had something incriminating in his pocket. Taken together, the circumstances established probable cause to search [defendant].”).

 317 Ga. App. 232 (730 SE2d 633) (2012).

 282 Ga. App. 492 (639 SE2d 522) (2006).

 Martinez-Vargas, supra at 238 (1) (explaining that the fact that the officer was standing in close proximity to the residence when he smelled the raw marijuana, coupled with the drug evidence found in the trash two days earlier, was sufficient to establish probable cause to search the residence); Boldin, supra at 493-495 (2) (concluding that the trial court correctly ruled that officer had probable cause to suspect that contraband was inside the defendant’s residence, whereupon officer’s exit of his car approximately 20 feet from the threshold of the defendant’s open garage door, the officer immediately smelled the odor of burning marijuana, which smell became stronger as the officer walked toward the garage door; where the defendant then “ ‘scooped up a trash bag off the floor in his arm and took off running into the house and slammed the door’ and where some items then fell out of the garbage bag onto the floor, including a gallon zip-lock bag that appeared to contain marijuana residue).

 Martinez-Vargas, supra at 237 (1) (“While the odor of marijuana alone might be insufficient to provide probable cause for the search of a residence, it can serve as one of the factors, under the totality of the circumstances, that will support a finding of probable cause.”) (citations omitted); Boldin, supra at 495 (2) (“Although the odor of marijuana may not suffice by itself to provide probable cause for the search of a residence, the odor of burning marijuana is one of the factors which, under the totality of the circumstances, will support a finding of probable cause.”) (footnotes omitted).

 284 Ga. App. 70 (643 SE2d 342) (2007).

 Supra at 823 (emphasis supplied).

 Pando, supra at 76-77 (2) (a) (“[T]he odor of marijuana may be considered as part of the totality of circumstances in determining whether there is sufficient probable cause to support a search warrant.”) (citation omitted).

 Palmer, supra.

 Harper v. State, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (citations and punctuation omitted).

 Smith v. Baptiste, 287 Ga. 23, 25 (1) (694 SE2d 83) (2010); see Harper, supra.

 Supra at 823.

 See, e.g., Palmer, supra at 77 (“The magistrate’s task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.”) (citations and punctuation omitted).

 Supra.

 See Pando, supra at 77 (2) (“[L]one statement that the officers smelled [fresh] marijuana when the defendants opened the door was insufficient to establish probable cause for a search warrant for [defendant’s] residence.”) (citation omitted); see generally Davis v. State, 262 Ga. 578, 584 (4) (422 SE2d 546) (1992) (neither criticizing the police, nor praising the appellant; rather, “acknowledging] the right of privacy in one’s home”).

 Supra at 817 (emphasis supplied).