**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 17, 2016**

# In the Court of Appeals of Georgia

A15A2101. THE STATE v. CAMP.

RAY, Judge.

Marquarvis Joeanthony Camp was indicted for of possession of marijuana with intent to distribute, possession of marijuana with intent to distribute within 1,000 feet of a school, possession of a firearm during the commission of a crime, criminal use of an article with an altered identification mark, carrying a concealed weapon, and possession of marijuana less than one ounce. Camp filed a motion to suppress, which was granted by the trial court. The State now appeals that decision. Finding no error, we affirm.

In two enumerations of error, the State contends that the trial court incorrectly granted the motion to suppress due to its finding that the officer could not have detected the odor of marijuana and that the officer lacked probable cause for the

search. Both enumerations involve the trial court's credibility determination of the arresting officer.

> Three principles govern the appeal of a trial court's ruling on a motion to suppress: First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. . . Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation omitted.) *Perez v. State*, 249 Ga. App. 399, 399-400 (547 SE2d 699) (2001).

The record shows that a police officer (the "Officer") of the Winder Police Department responded to an emergency call regarding a domestic dispute on February 6, 2013. While en route, he made contact with two males matching the description of the suspect. The Officer pulled his patrol car over, approached the males on foot, and began conversing with them. The men provided identification which identified them as Camp and Keanthony Johnson. The Officer was aware that Johnson was the suspect in the domestic dispute.

At the hearing on the motion to suppress, the Officer testified that when he approached Camp and Johnson that he smelled "the overwhelming smell of green marijuana." The Officer stated that he separated the two men to speak with Johnson

2

regarding the domestic dispute and to determine from which man the marijuana scent was emanating. He questioned both men about the marijuana scent and stated that Camp reacted by getting "a surprised look on his face" and "started grabbing for his pants. . . looking around" . Based on his law enforcement experience, this made him "think that [Mr. Camp] was fixing to run." In response, the Officer pulled out his taser, pointed it at Camp, and directed him to step over to the patrol vehicle. the Officer asked Camp where the marijuana was, and Camp responded that it was in his pocket. The Officer then placed Camp in handcuffs, retrieved the marijuana from Camp's pocket, and performed a full search of Camp.

Johnson testified at the suppression hearing that he and Camp were walking together when the Officer approached them. The Officer asked them to identify themselves, and Johnson admitted that he had been fighting with his girlfriend. The Officer then placed Johnson in handcuffs. According to Johnson, at no point did the Officer separate him from Camp. Johnson testified that the Officer did not focus on Camp until Camp began to walk away from the encounter to continue his trip to the store, which occurred prior to the Officer asking about the marijuana. The Officer then told Camp to stop and placed him in handcuffs as well.

The Officer's search of Camp revealed a loaded revolver with the serial number removed and a clear bag containing multiple small bags of marijuana. Camp filed a motion to suppress all evidence seized as a result of the search on the grounds that the search was unconstitutional, arguing that he was detained at the scene by the Officer pointing his taser at him while he was no longer a suspect for the domestic dispute and was not under investigation for any crime or wrongdoing. The trial court granted Camp's motion in a four page order, which it later supplemented in an additional three page order.[1]

The trial court held that when Bagwell pulled his taser on Camp, the officer escalated what started as a first-tier encounter to a third-tier encounter as "a reasonable person in [Camp's] position would have thought his detention would not be temporary, and that [Camp] yielded on condition of being allowed his freedom of movement under the discretion of the officer." Therefore, the arrest and subsequent

---

[1] The trial court felt it was necessary to supplement its initial order after this court's decision in *State v. Kazmierczak*, 331 Ga. App. 817 (771 SE2d 473) (2015), which modified the doctrine in Georgia law that had previously held that evidence regarding the odor of marijuana alone was insufficient to establish probable cause for a warrant. The purpose of the supplemental order was to clarify that the trial court's rationale for granting the motion to suppress was not solely based on the case law current at the time the order was granted, but also was based on its credibility determination of the witnesses at the hearing.

search would only be lawful if The Officer had probable cause to support it. Based on its credibility determinations of the testimony presented at the hearing, the trial court found that probable cause was not present. [2]

In the trial court's supplemental order, it stated that it was:

> not convinced that the officer could have detected the odor of raw marijuana under these circumstances. The marijuana (a quantity small enough to fit in [Camp's] front pocket) was within several layers of plastic, within [his] pants, and [he] was outside in the open air. . . Considering the totality of the facts before it, the Court finds and believes that he could not [detect the odor of raw marijuana under these circumstances].

This is a matter of credibility. The trial court had the opportunity to observe the Officer during the hearing. The transcript shows that the Officer indicated how large the bag of marijuana was with his hands during the hearing.[3] This is something that cannot be replicated in the record for us to consider on review, which is one of the

---

[2] The State disputes that the detaining of Camp moved the encounter from a first tier to a third tier encounter, as it contends that it was escalated only to a second tier encounter. We do not endeavor to decide that dispute, as it is not central to the issue of this appeal, which is the trial court's determination regarding whether the Officer could have smelled marijuana at issue.

[3] The record fails to establish the quantity of marijuana that was discovered on Camp, as well as how it was packaged.

5

reasons that we rely on the trial judge to act as the fact finder in a suppression hearing.

Although the defense did not independently present evidence that the Officer could not have smelled the contraband, "[t]he trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony." (Citation and footnote omitted.) *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994). We cannot state that the trial court was incorrect in its determination that the Officer could not have detected the marijuana.

The State rests its argument on its claim that the Officer had reasonable articulable suspicion to detain and probable cause to search Camp on the Officer's testimony that he could smell the marijuana. Once the trial court chose to disbelieve this testimony, there was nothing left in the record to establish the reasonable articulable suspicion which would be necessary to escalate the encounter from the initially lawful first-tier encounter. See *In the Interest of J. B.*, 314 Ga. App. 678, 680-684 (725 SE2d 810) (2012). Therefore, we find no error in the trial court's determination that the Officer's search of Camp was improper and we affirm the trial court's grant of the motion to suppress.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*